JACOB MAECK *v.* JOSEPH SINCLEAR.

CHITTENDEN,<br>January,<br>1838.

Where the levy of an execution fixes, with certainty, the identity of the premises, and by the references, in the return, to deeds on record of the same land, the boundaries may be certainly ascertained, this is a sufficient description.

Whenever it fully appears, by the probate records, that a sale of land, belonging to an estate, is necessary for the payment of debts, the personal fund being exhausted, the probate court may order such sale, without any settlement with the administrator for that purpose.

EJECTMENT, to recover the seizin and possession of one equal undivided fourth part of a saw mill, mill yard, and privileges, situate in Jerico. Plea—Not guilty. Issue to the court.

On the trial in the county court, the plaintiff, to prove title to the premises, gave in evidence a copy of a deed from Truman Barney to Samuel Sinclear and Joseph Sinclear, dated May 14, 1811, of all the land and mill privilege in question; a copy of a deed from Joseph Sinclear to Gideon O. Dixon, dated Feb. 8, 1821, of an equal undivided half of the same land and mill privilege, and in both of these deeds, the land is described by metes and bounds. The plaintiff also gave in evidence a copy of the record of a judgment, recovered in Chittenden county court, at the March Term, 1829, in favor of one Roswell Butler, (since deceased,) and against the said Dixon, of an execution issued thereon, and of a levy of said execution upon the fourth part of the mill in question, and other lands of Dixon. The defendant objected to the levy, for uncertainty in the description of the mill, land and privileges, levied on, which description is as follows ;—" The " following land, situate in Jerico, in Chittenden county, to " wit ; the one equal undivided fourth part of the saw mill " and mill yard, to the same bounds to which one half of the " same was deeded by Joseph Sinclear to Gideon O. Dixon, " on the 25th day of February, 1821, which was recorded 14 " June 1822, in the fourth book of recording deeds in town " of Jerico, on 365 page, which mill yard adjoins the road " leading from Jerico corner to Essex meeting house, and is " situate on Brown's river, partly on lot No. 6, and partly on " lot No. 24." The court overruled the objection, and received the evidence. The plaintiff further offered a copy of the record and proceedings in the probate court, relating to Roswell Butler's estate, to which the defendant objected,

CHITTENDEN, but the court admitted the evidence. From the records of
January, the probate court, it appeared, that in June, 1834, the exec-
1838. utors of the last will and testament of Roswell Butler ren-
dered an account, in the probate court, of their administra-

Maeck tion, which was allowed by said probate court; that at the
v. time of the allowance of their account, the personal estate,
Sinclear. inventoried, was not sufficient to pay the amount assigned
to the widow of the deceased, and the sum allowed to the
executors against the estate; that the debts, allowed by com-
missioners, against the estate, exceeded the value of all the
real estate, as appraised and inventoried; that the executors
afterwards resigned their trust, and an administrator *de bonis
non* was appointed, to whom, on the 21st of July, 1824, an
order issued from said probate court, to sell all the real estate,
together with the reversion of the widow's dower therein, for
the payment of the debts due from the estate. It appeared
that due notice was given to the creditors and all concerned,
of the application for said order, but it did not appear that
the administrator *de bonis non* rendered an account of his
administration, before the order to sell issued. Instead of
rendering such account, he filed a statement in the probate
court, sworn to by him, showing the assets in his hands, the
amount of debts due from the estate, and his estimate of the
expenses of settling it, which statement the probate court
" ordered to be recorded." It further appeared that the said
administrator had, under said order of sale, sold the premi-
ses, sought to be recovered in this action, to Martin Chitten-
den, and that said Chittenden had deeded them to the plain-
tiff.

The county court rendered a judgment for the plaintiff,
and the defendant excepted.

*C. Adams,* for defendant.

The levy of the execution, *Butler* v. *Dixon,* is bad, as
to the Mill, for the uncertainty in the description.

The description in the levy should be so clear, that the
Sheriff can find the premises without reference to other des-
cription.

It does not appear by the copy of the probate record, that
there had been any decree showing the insufficiency of the
personal estate, nor any settlement of the administrator's ac-
count, before granting the order.

*Maeck & Smalley*, for plaintiff.

1. Though the officer did not set off the premises by metes and bounds, yet, he refers in his returns, as to the premises levied on, to the boundaries given in a deed of the same premises, between other persons. A copy of this deed was put into the case. The rule, then, that that is certain enough, which can be rendered certain, applies to the plaintiff's evidence of title. *Galusha* v. *Sinclear*. 3 Vt. R. 398, *Boylston* v. *Carver*, 11 Mass. 517, is directly in point.

2. The records of the Probate Court show a necessity of the sale of the real estate.

3. The defendant, showing no title in himself, ought not to be permitted to question the regularity of the proceedings. Tillinghast's Adams on Eject. 29, in note.

The opinion of the Court was delivered by

COLLAMER, J.—Title is derived to the Plaintiff through Roswell Butler, who held by levy of an execution against Dixon; and the first question is on the sufficiency of that levy. The only objection is in relation to the *description* of the premises. The statute provides that the description shall be " by metes and bounds or otherwise, with as much precision as the nature and situation of the property will admit." This levy was upon an undivided fourth part of a mill, mill-yard and privilege, probably including water &c. The description should be such as would enable the Court and jury to say it was the same property sued for; such as would enable an officer to give possession thereof; and so certain that the debtor, and those claiming under him, could clearly discern what was levied on and what was left. As the levy fixes the identity of the property, and by itself and reference to the deed on the public record, in the same town, makes its boundaries certain, as we find, by inspection of the deeds, it is sufficiently certain for all the above purposes, and a satisfactory compliance with the statute. *Boylston* v. *Carver*. 11 Mass. R. 517.

It is next objected, that the title did not legally pass from the estate of Roswell Butler, inasmuch as the probate court, in ascertaining the balance for which a sale of real estate was necessary, made allowances to the administrator *de bonis non* when no notice was given to the heirs and creditors that any account was to be presented. The probate court has

power to grant licence to sell real estate only when, by the record, it appears necessary for the payment of debts, after the personal fund is exhausted.

To have this fully appear, it is generally necessary to have a preparatory settlement, which seems to have been attempted in this case. This is not, however, necessary where enough already appears of record, to show the necessity of a sale. On inspection of the record presented, it appears that one account of the executors had been allowed. The amount to them allowed and the amount assigned to the widow more than exhausted the personal property, included in the inventory ; and it is apparent, of record, that, independent of any allowances to the administrator *de bonis non,* the whole real estate was required to be sold, for the payment of the debts, allowed by the commissioners ; and, therefore, such order was authorised by law. This renders it unnecessary to inquire whether the allowance to the administrator was legally made, or whether the defendant has placed himself in any attitude to question its correctness, in this collateral manner.

Judgment affirmed.