Adm'r of Barnard *v.* Russell.

ADMINISTRATOR OF JAMES BARNARD *v.* THOMAS RUSSELL.

If the levy of an execution upon land is valid as against the debtor, it is valid as against subsequent attaching creditors.

Where, in the description of land levied upon, the starting point was stated to be in the north line of a certain highway and at the *north-west* corner of a certain house lot, and it appeared, that the house lot lay on the north side of the same highway and that its *south-west* corner was the only point where it adjoined the road and the land levied upon, it was held, that the court would intend that the word "north-west" was written, by mere clerical error, for "southwest," and that the mistake was not fatal to the levy.

Where, in such description, the course and distance of a line are given and also a known monument as its *terminus*, the monument must govern; and it makes no difference, in this respect, whether the error in the course given is a variation of one degree, or of ninety degrees.

EJECTMENT for land in Woodstock, described as follows ;—"Be-
' ginning in the north line of the road from the brick meeting house
' to the jail in Woodstock, at the *south-west* corner of the house lot
' where Grover Dodge formerly lived, but where Asa Tinkham now
' lives; thence running north seventeen degrees west six rods; thence
' south fifty-nine degrees east two rods and seventeen 'links to the
' south-west corner of the place on which a 'large barn formerly
' stood; thence north twenty degrees west, by the west side of said
' barn, to Amos Warren's garden; thence north eighty-eight degrees
' west, by said Warren's garden, to the center of the Oil Mill brook,
' thence *up* said brook, and on the easterly line of land Sylvester
' Edson formerly conveyed to Grover Dodge, to a point in the north
' line of said road six feet westerly from the south-west corner of
' the plastered house now in a state of repair by Messrs. Russell &
' Clark; thence easterly, on the said line of said road, to the place
' of beginning." Plea, the general issue, and trial by jury, November T. 1844,—HEBARD, J., presiding.

On trial, the plaintiff showed title in himself to the premises in question by virtue of a regular levy of an execution in his favor against one Sylvester Edson, the former owner of the premises, by the same description contained in his declaration, and proved the

defendant to be in possession. The defendant then offered in evidence the record of the levy of an execution upon the same premises in favor of one Asaph Fletcher against Sylvester Edson, and claimed title under the same. That levy was prior to the one proved by the plaintiff, and the premises were described as follows ;—" Beginning in ' the north line of the road leading from the brick meeting house to ' the court house, at the *north-west* corner of the house lot now oc- ' cupied by Grover Dodge, being the house lot of which one undivi- ' ded half was set off to Simeon Willard on an execution against Syl- ' vester Edson ; thence north seventeen degrees west six rods ; thence ' south fifty nine degrees east two rods and seventeen links to the ' south-west corner of a large barn; thence north twenty degrees ' west, along the west side of said barn, to Amos Warren's garden ; ' thence north eighty eight degrees west, on said Warren's garden, ' to the centre of the Oil Mill brook ; thence *down* the centre of said ' brook to the land said Edson sold Grover Dodge ; thence southerly, ' on said Dodge's east line, to the road ; thence eastwardly, on said ' road, to the place of beginning ; " and it was conceded, that there was no other land in Woodstock, which bore the description contained in this levy. The plaintiff objected to the levy, so offered in evidence, for the alleged reason that it did not describe any land by metes and bounds; but the objection was overruled.

Verdict for defendant. Exceptions by plaintiff.

*T. Hutchinson* for defendant.

The regularity of the plaintiff's levy is not disputed ; but the plaintiff insists, that the levy under which the defendant claims is void for want of sufficiently definite boundaries. The statute is express, that the land must be described by metes and bounds,—meaning such as really exist and can be ascertained with certainty, and not rest upon uncertain conjecture. *Clark* v. *Clark*, 7 Vt. 190. *Bott* v. *Burnell*, 11 Mass. 163. *Lessee of McCoy* v. *Galloway*, Ohio Cond. R. 576. *Kerr et al.* v. *Marsh*, Ib. 80. The cases, in which levies, which appear defective, have been established, are where, by aid of the actual, fixed and visible boundaries, the defect can be supplied with perfect certainty. *Galusha* v. *Sinclair*, 3 Vt. 390. *Johnson* v. *Pannel's Heirs*, U. S. Cond. R. 84. *McGregor* v. *Brown*, 5 Pick. 174, 175. *Kinley* v. *Williams et al.*, 3 U. S.

Cond. R. 331–333. But in this case the *north-west* corner of a certain house lot is as much an actual, fixed and visible monument as the *south-west* corner would be, or as a large rock would be ; and *down* the centre of the Oil Mill brook is as much an actual, fixed and visible boundary, as a stone wall would be.

*J. Barrett* for defendant.

1. The land is sufficiently described by metes and bounds, in the levy of Fletcher's execution. Rev. St. c. 42, § 20. *Maeck* v. *Sinclair*, 10 Vt. 103. *Boylston* v. *Carver*, 11 Mass. 517. *Gilman* v. *Thompson*, 11 Vt. 644.

2. A mistake in the description would not necessarily render the levy void. If there is sufficient contained in it to identify and set forth the subject truly, the erroneous part is to be disregarded, or to be construed into conformity with what is true, and thus effect be given to what was intended. In this case the starting point is called the *north-west* corner of the house lot; it should have been the *south-west*, as is obvious from the fact that the point is in the north line of the road. By taking any of the after mentioned points and running back by the bounds, courses and distances, the mistake is at once cleared up. Reject the word "north" before the word "west," and the description is perfect. *Galusha* v. *Sinclair*, 3 Vt. 394. *Gilman* v. *Thompson*, 11 Vt. 643. *Vose* v. *Hardy*, 2 Greenl. 322. *Wing* v. *Burgess*, 1 Shep. 111. *Hall* v. *Fuller*, 7 Vt. 100. *Gates* v. *Lewis*, Ib. 511. *Perman* v. *Weed*, 6 Mass. 131. *Massin* v. *Watts*, 6 Cranch 148. *Shipp* v. *Miller's Heirs*, 2 Wheat. 316, [4 U. S. Cond. R. 132.]

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is in regard to the description of the land. The statute, in such cases, requires the land to be described by "metes and bounds." It is so described here, if described at all.

We are not aware, that the question in this case is to be viewed any differently, because the land has been subsequently levied upon by other creditors. The question is not, which of these levies is the more perfect, but, is that of the defendant such as will enable him to hold the land ? And we do not see why, if the levy is good

as against the debtor, it is not good against every body. In this view we do not see why any different rule is to be applied to a levy from that which is applicable to a deed, except, that when a deed will bear one of two constructions *equally well*, it shall have that construction which is most unfavorable to the grantor;—but it seldom happens, that a case is decided mainly upon that ground.

But in all cases, whether of a deed, or levy, when it depends upon mere conjecture what land is intended to be conveyed, the deed, or levy, shall be held void. But we seldom find such cases in the books; and those we do find are far less difficult, sometimes, than others, which have been sustained; so that one decision upon this point is not much guide to another. But in the present case we think the levy may stand good. The *general object*, to point out the neighborhood in which the land is situated, is well ascertained. The land must lie north of the road; and the starting point is on this road. The expression is, " in the *north* line of the road." But here comes the first uncertainty; it says farther, that this point is the "*north-west corner* of the house lot now occupied by Grover Dodge." That house lot adjoins this road on the north; but it is the *south-west* corner which adjoins the road, instead of the north-west. This is the only point, at which the *west* side of the house lot meets the road. This is the nearest we can reconcile the language. There is a manifest, palpable discrepancy. We must, then, reject something. This is the *least*, which will reconcile the terms; and this is in accordance with the rule to give effect to *all* of the deed *we can*.

The parties could not be mistaken as to the road, or that the *west* side of the house lot was intended; for that is the only side of the house lot which touches the road and at the same time the land levied upon. It is therefore perfectly certain, that *north* was written for *south*, and as we proceed in this way, we find all the other monuments to coincide with the levy,—the barn, the garden of Warren, and so along the garden to the centre of the brook. But here, again, the *course* is quite wrong; but the next *monument* is well known,— the land that Edson sold to Grover Dodge. In all such cases courses and distances must be rejected and known monuments followed. And here, that the *opposite* course is given is of no importance; it is no more difficult to follow it, than if it only varied *one degree*.

43

The next point is, where the centre of the brook intersects that land. If the course is to be *rejected*, it matters not how much or how little it varies. This makes the levy good.

In the case of *Maeck* v. *Sinclair*, 10 Vt. 103, the levy was made good, as to the description of the land, by reference to deeds on record; in *Gilman* v. *Thompson*, 11 Vt. 643, the same result was attained by reference to land before conveyed,—which is the same in principle; and in *Galusha* v. *Sinclair*, 3 Vt. 394, it was done by running lines by the known monuments,—which is all that is done here. If we apply the illustration used by the judge, in that case, to this, of running the lines back from other known monuments,— and which, I think, is sound,—being the very mode which a survey- or always adopts in cases of doubt,—it removes all difficulty in the present case.

Judgment affirmed.