*Probate Court,* BENJAMIN F. STOCKWELL *Prosecutor, v.* BRADFORD C. SARGENT AND LUTHER SARGENT.

*Dower. Ejectment. Rents and Profits. Administrator. Appeal. Partition. Bond.*

The lease of a widow's dower by her guardian becomes inoperative by her decease. If an heir in possession under such lease, refuse on demand to let the other heirs into joint occupancy, they may maintain ejectment and recover to the extent of their right including rents and profits.

If her administrator should receive and hold the rent the heirs might collect it of him.

These rights and remedies of the heirs not in possession are not lost or suspended by an appeal from an order appointing commissioners to make partition of the premises in which the widow had her estate in dower, therefore where the appeal is not prosecuted the heirs cannot recover for the rents and profits pending the appeal, as intervening damages, on a bond given .by the lessee in possession to prosecute the appeal and to pay intervening damages.

ACTION on a bond given by the defendants to the probate court on one of the defendants taking an appeal from an order of the probate court appointing commissioners to make partition of certain real estate. The bond was given for the prosecution of the appeal and to

pay intervening damages. The case was referred, and the facts found by the referee are set forth in the opinion.

The county court at the September Term, 1863, BARRETT, J., presiding, rendered judgment, *pro forma*, on the referee's report, for the plaintiff to recover nominal damages. Exceptions by the plaintiff.

*George Howe*, for the prosecutor, insisted that the commissioners could lawfully proceed, on the 3d of May, 1859, to make partition of the lands in question. *Fletcher et al.* v. *Fletcher*, 29 Vt. 98 ; *Curtis* v. *Beardsly*, 15 Conn. 522. This action is properly brought in the name of Benjamin F. Stockwell, the husband of Sallie Stockwell. 1 Chitty on Pleadings 19, and cases there cited ; 1 Bright's Husband and Wife 64, and cases there cited ; *Holton* v. *Whitney*, 28 Vt. 448. The damages proved are *intervening damages* within the meaning of the bond, and as such are recoverable in this suit. *Sargeant et al* v.. *Sargeant et al.*, 20 Vt. 297. The plaintiff's mode of proceeding is the one especially provided by statute, is the only remedy known to the law, and a fair construction of the statute provision entitles the plaintiff to recover. G. S. pp. 426–7, and 360, § 27.

————, for the defendants.

PECK, J. This case comes here upon exceptions to the decision of the county court, upon special report of a referee. The action is upon a bond given by the defendants to the probate court, on the defendant, Bradford C. Sargent, taking an appeal from an order of the probate court appointing commissioners to make partition of certain real estate among the heirs of Luther Sargent senior, of whom the plaintiff's wife is one. Luther Sargent senior died many years ago, the precise time does not appear, but from the report it must be taken to have been quite a number of years previous to the proceedings and transactions in question in this case. At his death he left considerable estate, and left surviving several heirs, and his widow Elizabeth Sargent. The widow had had dower assigned her in the real estate of the deceased which she had the benefit and enjoyment of till her death on or about the 25th of April, 1859. For several years next previous to and at her death she was under the guardianship of Joseph Goodhue, appointed by the probate court. About the first of April, 1859, her guardian leased the widow's dower for one year, a portion of it to Bradford C. Sargent and a portion of it to Luther Sargent the other

defendant.  On the 3d day of May, 1859, John L. Sargent,  one of the heirs of Luther Sargent senior, applied to the probate  court  for partition of the premises in which the widow had had her estate  in dower, and that court appointed commissioners  for  that  purpose. From that order the defendant Bradford C. Sargent  appealed  and gave the bond in question.  That appeal was never  entered  in  the county court by either party, and the commissioners without any new appointment, in March, 1860, made partition of the estate, and on the 26th of March, 1860, their report was filed in the probate court  and accepted and confirmed.  In that partition 33 acres of the  land  so leased to Bradford C. Sargent was set to this plaintiff's wife.

The referee reports that the plaintiff claimed to recover  the  rents and profits of the said 33 acres of land for the season of  1859. The referee finds that if such use or rents and profits properly  con-stitute a ground of recovery in this action, the plaintiff  should  re-cover forty dollars, otherwise he assesses the damages at one  dol-lar, a mere nominal sum.  The county court rendered  judgment  for the plaintiff for one dollar damages, to which the plaintiff excepts.

The plaintiff claims he is entitled to recover the $40. for the  use of the 33 acres of land during the time the partition was delayed  by the appeal, under the provision in the bond for the payment of  inter-vening damages.  The solution of this question depends on what  the rights and remedies of the heirs of Luther Sargent senior were  on the death of Elizabeth Sargent in respect to the lands in  which  she had had dower, and how far those rights and remedies have  been lost or impaired by the appeal.  On the death of the widow, in April, 1859, the plaintiff's wife and other heirs of Luther Sargent  senior became the absolute owners of the estate.  Their title did not depend on any future proceedings of the probate court ; they  took their title by descent at the death of Luther Sargent senior and held it  subject to the widow's estate in dower during her life.  On  her  death  the premises were by that event disencumbered of the estate  in  dower, and their right to possession was immediate.  They  did  not  derive their title from her, but solely from Luther Sargent senior.  No  pro-ceedings in the estate of Elizabeth Sargent were necessary to perfect their right to immediate possession, nor had her administrator  any control over the premises.  The leases which her guardian made  to

defendants a few days before her death, by her decease became inoperative. The heirs had a right to demand possession of any one in under her guardian, and if not surrendered, to recover the possession with rents and profits by action of ejectment. This right was a common right in all the heirs as tenants in common. If any of the heirs were in possession, claiming under a lease from the guardian of the widow, and refused on demand to let the plaintiff's wife and the other heirs into joint occupancy with them, those out of possession might have treated it as an ouster and sustained ejectment and recovered to the extent of their right, including rents and profits. The plaintiff's wife and other heirs out of possession had another remedy. It appears that the lessees under the lease from the guardian of the widow continued to occupy after her decease, and paid the rent to her administrator. Her administrator had no right to receive or hold that rent, and the heirs might have treated that as their money, and in some form collected it of him. The appeal did not interfere with these rights or remedies of the heirs in the least. Either of these remedies might have been pursued, even pending the appeal. It is claimed by the plaintiff's counsel that the heirs could bring no suit until the estate was settled, or the administrator had abandoned or passed the premises over to the heirs. But from the lapse of time after the death of Luther Sargent senior, and other facts appearing in the report, it must be presumed that his estate had been settled, and the estate abandoned by his administrator to the heirs. Indeed, if this were not so the proceeding for partition could not have been entertained by the probate court. We have already seen that the premises constituted no part of the estate of Elizabeth Sargent; her right terminated at her decease; therefore her administrator could not stand in the way of any remedy the heirs might have chosen to adopt. We cannot see how the plaintiff has lost the rents and profits of the premises by the pendency of the appeal, as the remedy to recover the possession and use of the land was thereby neither impaired nor suspended. Nor would a suspension of such remedy entitle the plaintiff to recover in this action for such use of the premises, unless the delay caused an ultimate loss, or produced some special damage beyond the mere inconvenience of delay which is necessarily attendant on every appeal. It is claimed that but for

the appeal the partition would have been sooner perfected, and thus the plaintiff sooner let into possession of the portion ultimately assigned to him in severalty. But the right of joint occupancy, and the right to his equal share of the use or rents and profits of the premises during that delay, is an equivalent for that. It is a delay of the partition without any special pecuniary loss. In legal contemplation there can be no difference in value between the plaintiff's *portion* of the use of the *entire* premises, and the *entire* use of the plaintifl's *portion* of the land after it is severed by partition. In such case mere delay is not such special damage as comes within the term intervening damages; much less can it be said that such delay gives the plaintiff the right to recover the value of the rents and profits during that time. To allow such recovery would be to allow the plaintiff to recover what he has not lost. Besides, it is by no means certain that the plaintiff would have obtained possession of the portion assigned to him sooner than he did, had no appeal been taken. The probate court had no power under such partition to enforce his decree against an adverse claimant, by putting the plaintiff in possession. It is obvious in this view of the case that it can not be said that the plaintiff lost his portion of the rents and profits pending the appeal, and therefore such rents and profits cannot be recovered in this action on the bond as intervening damages.

This renders it unnecessary to notice the other questions discussed, because if we should decide them all in favor of the plaintiff, still the result would be that there is no error in the decision of the county court of which the plaintiff can complain, and the defendant took no exception.

Judgment affirmed.