## COUNTY OF LAMOILLE,

AT THE

### AUGUST TERM, 1877.

PRESENT:

HON. HOMER E. ROYCE,
HON. TIMOTHY P. REDFIELD,   ⎫
HON. JONATHAN ROSS,          ⎬  ASSISTANT JUDGES.
HON. WALTER C. DUNTON,       ⎭

---

ALEXANDER, ADMR. OF DIKE'S ESTATE, *v.* STEWART.

*Ejectment by Administrator.   Adverse Possession.*

In ejectment by an administrator for land of the value of about $200, it appeared
that the intestate entered upon the land in 1845, inclosed part of it with a slash
fence, and performed sundry other acts of possession from time to time, until his
death in 1868 ; that he received a deed thereof March 1, 1855 ; and that after his
death his son occupied it till September 5, 1874, when he quit-claimed it to the de-
fendant. The court charged that in the absence of any showing to the contrary,
the son's possession would be presumed to be for the benefit of the estate, and that
the time of his possession could be added to that of his father's, to give the
time required for a prescriptive title. *Held,* no error.
*Held,* also, the intestate's widow being still alive, and the time limited for the per-
formance by the administrator of the duties imposed on him by law not having
elapsed, that as the administrator had a lien upon the real state of his intestate to
enable him to perform those duties, he had also the right to possession, and might
maintain ejectment against the son's vendee ; and that there was no presumption
that that lien had been satisfied, or waived.

EJECTMENT for land in Morristown. Plea, the general issue,
and trial by jury, April Term, 1877, POWERS, J., presiding.

The plaintiff introduced a certified copy of the record of a deed of the demanded premises from Elisha Dike to the intestate, Zoroaster Dike, dated March 1, 1855, with testimony tending to show that about 1845, the intestate went on to said land, tapped about eighty maple trees, and enclosed about twenty or twenty-five acres of the same with a slash fence; that he continued to carry on the sugar place, and to cut wood and timber within and near said enclosure on said land nearly every year down to the time of his death, which occurred December 6, 1868; that in 1855, he built a sugar shanty on said land, and made a clearing of about half an acre within said enclosure; that during all that time his son, Edwin H. Dike, who was born in February, 1830, worked with him on said land, except four years when he lived away from home, but in the same neighborhood; that about 1861 he made another clearing of an acre or more within said enclosure; that down to the day of his death, he did acts of possession on, and claimed the land as his own, and that after his decease, his son, the said Edwin H., occupied said land down to September 5, 1874, when he quit-claimed it to the defendant. It further appeared from the plaintiff's evidence, that the land in question was all the property left by the intestate at his decease; that it was worth about $200; that there were no debts against the estate; that he left a widow, a daughter, and said son, who were all living at the time of trial, and that no demand was made for the premises, but that defendant was in possession.

Said Edwin H. was improved as a witness by the plaintiff, and in the course of his examination in chief, he was asked under whose claim of right he occupied said land after his father's death. To that question the defendant seasonably objected, but the objection was overruled, and the witness answered that he occupied under the same right as his father did. To that ruling the defendant excepted.

The testimony on the part of the defendant tended to show that in 1855 the intestate, who then owned land adjoining the land in question, deeded the same, and gave all his property, including his possessory interest in, or right to, the land in question, to his son Edwin H., who ever after occupied said premises in his own right,

the intestate acknowledging his son's right thereto, and occupying in his interest and for his benefit; that that gift or abandonment was not in writing, but was upon consideration of the support of the intestate and his wife during their natural lives. The plaintiff's testimony tended to controvert the fact of gift and abandonment by the intestate, and possession by the son in his own right.

The defendant introduced a quit-claim deed dated January 18, 1851, from Thomas Waterman and others to N. P. Sawyer, conveying, with other land, the land in question, and a quit-claim deed dated July 20, 1854, from N. P. Keeler and others to V. W. Waterman, conveying said land with other land, and a quit-claim deed dated October 4, 1854, from R. S. Page, guardian, and John C. Page, guardian, to said V. W. Waterman, conveying said land with other land, and a quit-claim deed dated March 26, 1857, from V. W. Waterman to J. C. Noyes, R. S. Page, and W. P. S. Noyes, conveying, with other land, an undivided three fourths part of the land in question. But the defendant gave no evidence of any possession of said land by any of the parties holding the Noyes-Waterman title, or by their grantors, except evidence that in 1843, one Roswell Dike signed a written agreement to occupy for Thomas Waterman, but there was no evidence that he did so occupy it.

The defendant's evidence tended to show that he went into possession under his deed from Edwin H. Dike, and that while he was in possession, Heman A. Waterman, the agent of said parties, ordered him off, whereupon the defendant and said Heman had a talk about their title, and about the defendant's buying the Noyes-Waterman title, but that no conveyance was made. There was no evidence that the defendant waived or surrendered his right under his deed from said Edwin H., or acknowledged the title claimed by said Heman, nor was any contract shown by which he held or was to hold in acknowledgment of said Heman's title, but the defendant testified that said Heman permitted him to remain in possession.

The defendant offered himself as a witness generally, and offered particularly to testify, the said Edwin H. having testified against him, that when he took his deed from him, he made con-

tradictory declarations to him as to his title and how he acquired it. The court ruled that the defendant was not a witness generally, but that he was a competent witness to all of the declarations of Edwin made at the time the defendant took his deed, and to all declarations of Edwin as to his title or claim of title, since the death of his father ; to which both parties excepted.

After the testimony was closed, the defendant asked the court to direct a verdict for him, on the following grounds, namely : 1. Because an administrator cannot maintain ejectment against an heir or his grantees. 2. Because from lapse of time between the death of the intestate and the appointment of the administrator, the administrator's interest would be presumed to be extinguished ; 3. Because the defendant having been suffered to remain in undisturbed possession from September 6, 1874, to May 10, 1876, before suit was commenced, the administrator's interest would be presumed to be extinguished ; 4. Because no demand was shown. But the court refused : to which the defendant excepted.

The defendant requested the court, among other things, to charge the jury as follows : 1. That the intestate, before he had color of title, could hold by adverse possession no further than he actually occupied by inclosure ; and that to acquire title to the whole lot, there must have been fifteen years' continuous adverse possession after the date of his deed from Elisha Dike ; 2. That Edwin H. Dike's possession after his father's death, could not be tacked to that of his father, to make a perfect title by fifteen years' adverse possession ; 3. That if the jury found a perfect possessory title in Waterman and others, and that the defendant was in possession under an arrangement with them and by their permission, then the plaintiff could not recover. The court charged in accordance with the first request ; and as to the second request, charged that in the absence of any contract, the possession of Edwin H. would be presumed to be for the benefit of the estate ; that if he had no right there except by heirship, his possession, in the absence of any showing to the contrary, would be presumed to be in the right of his father's estate, and in the right of the heirs of the estate, and could be added to that of his father to make the requisite fifteen years' continuous adverse

possession, necessary to make a perfect title; and declined to charge in accordance with the third request, but told the jury that the defendant could not set up a title in a stranger, to defeat the plaintiff's action, unless he connected himself with that title by some proper conveyance in writing, or otherwise, as holding under that title, and ruled that there was no evidence in the case to show any connection of the defendant with the Noyes-Waterman title.

To the refusal to charge as requested, and to the charge as given, the defendant excepted. Verdict and judgment for plaintiff.

*Brigham & Waterman*, for the defendant.

An administrator cannot maintain ejectment against an heir or his grantees, when there are no debts against the estate. *Hubbard* v. *Ricart*, 3 Vt. 207; *Cushman* v. *Jordan*, 13 Vt. 597; *Abbott* v. *Pratt*, 16 Vt. 626; *Buck* v. *Squires*, 22 Vt. 484; *Hunt* v. *Payne*, 29 Vt. 172; *Cox* v. *Ingleston*, 30 Vt. 258; *Roberts* v. *Morgan*, 30 Vt. 319; *Austin* v. *Bailey*, 37 Vt. 219. From lapse of time between the death of the intestate and the appointment of the administrator, the administrator's interest will be presumed to be extinguished. *Cushman* v. *Jordan*, 13 Vt. 597; *Hubbard* v. *Ricart*, 3 Vt. 207.

A demand was necessary before suit brought. *Chamberlin* v. *Donahue*, 41 Vt. 306. The refusal to charge in accordance with the second request was erroneous. The heir upon the death of the ancestor has a vested interest in the estate that he may immediately convey by deed. *Hubbard* v. *Ricart*, 3 Vt. 207; *Hyde* v. *Barney*, 17 Vt. 280; *Austin* v. *Bailey*, 37 Vt. 219.

The rule is that the possession of the heir may be added to that of the ancestor to make the requisite time to perfect title by adverse possession; but that perfects the title in the heir. The presumption is, if any, that the heir is holding for himself and his co-heirs, if any, and not for the estate. 3 Washb. Real Prop. 126, 130; *Holton* v. *Whitney*, 30 Vt. 405.

It is unnecessary for an administrator to intercede to protect the rights of the widow. Gen. Sts. c. 55, s. 7. But here it will be presumed that the widow has waived her rights.

*P. K. Gleed*, for the plaintiff.

Possession of land is equivocal, and must be accompanied with intention, in order that its legal consequences may be determined. Thus the possessor's record title, his payment of taxes, his declarations, and acts while in possession are admissible to show by what claim he is in possession. Therefore the testimony of Edwin H., who was his father's tenant, was admissible. 1 Greenl. Ev., s. 108; *Brown* v. *Edson*, 22 Vt. 357.

The defendant could not be a witness generally. Gen. Sts. c. 26, s. 24; *Ford's Exrs.* v. *Cheney*, 40 Vt. 153. He was not a competent witness to the statements of Edwin H. because they took place before the plaintiff was appointed administrator. *Ford's Exrs.* v. *Cheney*, 40 Vt. 153.

The administrator can maintain ejectment. *Austin* v. *Bailey*, 37 Vt. 219; Gen. Sts. c. 57, s. 1, c. 52, ss. 5, 6, 14; *Boardman* v. *Bartlett*, 6 Vt. 631; *Dunbar* v. *Dunbar*, 3 Vt. 422.

The defendant claimed to hold the lot in his own right, and was therefore not entitled to notice. *Campbell* v. *Bateman*, 2 Aik. 179; *Clapp* v. *Beardsley*, 1 Vt. 151.

The second request was properly denied and the charge as given was correct. The possession of Edwin H. inured to perfect the title of his father. *Austin* v. *Bailey*, 37 Vt. 219; *Ames* v. *Beckley*, 48 Vt. 395; 3 Washb. Real Prop., 130.

Defendant's third request was properly denied and the charge as given was correct. By Gen. Sts. c. 40, s. 6, the plaintiff in ejectment " recovers on the merits according to his rights." Defendant must connect himself with the Noyes–Waterman title by some conveyance known to the law. *Perkins* v. *Blood*, 36 Vt. 273; *Stacy* v. *Bostwick*, 48 Vt. 192.

The opinion of the court was delivered by

REDFIELD, J. This action is ejectment for a lot of land in Morristown. The evidence tended to show that plaintiff's intestate entered upon said lot in 1845, tapped a small sugar place, enclosed by slash fence about twenty or twenty-five acres of land, and continued from year to year to carry on said sugar place and cut timber from said lot until his death, December 6, 1868; that

on March 1, 1855, Elisha Dike conveyed said lot to him by deed of that date, duly executed, and recorded; that after his decease, his son, Edwin H., occupied said lot down to September 5, 1874, when he conveyed said lot by quit-claim deed to the defendant. The intestate left a widow, who was living at the time of trial.

I. The defendant claims error in the charge as to the character of the possession of Edwin H. after his father's decease. In the absence of any showing that his possession was under some other claim of title than as heir to his father, he would be presumed to claim under that title; and we discover no error in the charge in that respect.

II. It is claimed that the plaintiff, as administrator, cannot eject the defendant, who holds the title of an heir of the intestate, as the case finds there were no creditors of the estate.

The administrator has the right of possession to all the real and personal estate of the intestate, and has a lien upon the same, to enable him to discharge all duties imposed upon him by law. He must pay all debts and legacies; support the widow and minor children during the settlement of the estate; deliver to the widow such part of the estate as shall be assigned by the Probate Court; and if the whole estate does not exceed in value $300, the whole may be assigned to the widow, and this is to be a full administration. Gen. Sts. c. 51, s. 1. And to enable the administrator to discharge these duties, the statute provides that no action of ejectment shall be maintained by any heir until there shall be a decree of distribution, or the time allowed for paying debts shall have expired. The time allowed for paying debts cannot exceed three years and six months from the time of granting administration; that time had not expired. There was a duty of the administrator, in this case, to hold the estate until all duties that the law imposed were discharged. The widow had rights superior to any creditor. If the whole estate should be less than $300 in value, the whole might be assigned to her. Gen. Sts. c. 51, s. 1. She was entitled, as a matter of right, to homestead, and dower.

The defendant's counsel have cited *Austin* v. *Bailey*, 37 Vt. 19, to show that the administrator's lien should be presumed to have

been satisfied or waived. In that case nine years had elapsed after administration, and the heir all the while in open possession of the premises, claiming title, and the administrator neither challenging his title nor claiming any right in himself. And in that case it was a stranger, and not the administrator, that disputed the title and possession of the heir.

But when the administrator asserts the claim, and there are rights, in the estate, superior to that of any heir or creditor, there is no presumption, in a case like this, that such rights have been waived or satisfied.

Judgment affirmed.