· DAVID COE'S ADMR. *v.* WILLIAM L. DONALDSON AND SARAH
DONALDSON.

February Term, 1916.      ,

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Mortgages—Foreclosure—Exceptions to Findings—Sufficiency—
Judicial Admission of Record—Mortgage as Security for
Purchase Money.*

An exception, taken after the rendition of a decree in chancery, "to
the rulings, findings, judgment, and decree of the court," is too
general to be available, even assuming that it was seasonable.

In a proceeding to foreclose a mortgage, executed by a husband alone
on real estate that included the homestead, the fact that the
mortgage was given to secure the purchase money was established
by judicial admission of record, where the petition alleged that
the mortgage and the notes thereby secured were executed for
the purchase price of the premises, and defendants in their answer
admitted that allegation "to be true to the best of their informa-
tion, knowledge and belief."

APPEAL IN CHANCERY. Heard on the pleadings and find-
ings of fact by the Chancellor, at the June Term, 1915, Cale-
donia County, *Miles,* Chancellor. Decree for the plaintiff. The
defendants appealed. The opinion states the case.

*Porter, Witters & Harvey* for the plaintiff.

*Simonds, Searles & Graves* for the defendants.

WATSON, J. This is a petition to foreclose a mortgage and
to shorten the time of redemption. The case was heard before,
and facts found by, the chancellor. Decree was rendered for
the plaintiff for the sum found due in equity, and the time of
redemption was fixed to expire April 30, 1916. No exception
was taken to any finding or findings of fact before the decree
was rendered; but after the rendition of the decree, and in con-

nection with taking their appeal, the defendants stated as follows: "Now come the defendants * * * and except to the rulings, findings, judgment and decree of the court rendered therein, and pray an appeal therefrom to the Supreme Court * * * and hereby refer to and make a part of this appeal the pleadings, rulings of the court, exhibits, transcript and evidence in said cause." In allowing the appeal, the chancellor stated in connection therewith, "One copy of the official transcript may be furnished the Supreme Court without expense to the State, but need not be printed."

Even if we were to assume that after the rendition of a decree, exceptions could be taken to the rulings and findings, the exception attempted to be so taken is altogether too general to be available. The case stands, therefore, for consideration on the facts of record. The main question of fact before the chancellor seems to have been as to the sum due in equity. This sum was found, and the decree for the plaintiff was in amount according to such finding. In this no error appears.

It appears from the petition and the answer of defendants that the premises in question constitute the defendants' homestead; and that the mortgage sought to be foreclosed was executed by the husband, William L. Donaldson, alone. It is urged that there is no finding that the mortgage was given to secure the purchase money, and hence no decree can be rendered for the plaintiff. But it is alleged in the petition "that said mortgage and said notes (secured by it) were executed for the purchase price of said premises." This allegation is admitted by the defendants, in their several answer, "to be true to the best of their information, knowledge and belief." Thus the fact that the mortgage was given as security for the purchase money stands established by judicial admission on the record. Dan. Ch. Pr. (Second Am. Ed.) *980; Gres. Eq. Ev. 237; *Holbrook* v. *Quinlan & Co.*, 84 Vt. 411, 80 Atl. 339.

*Decree affirmed and cause remanded. Let a new time of redemption be fixed.*