EDWARD S. WATKINS *v.* HIRAM MERRIHEW'S ESTATE.

January Term, 1925.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 9, 1926.

*Tenancy in Common—Vesting of Cotenant's Interest on His Death—Extent of Administrator's Lien—Specific Performance—Parties—Pleading—Admissions—Construction of Contract Between Cotenants.*

1.  On death of ·cotenant, his interest in land vests at once in his heirs by descent, subject to lien of administrator when later appointed.

2.  On death of cotenant, lien acquired by administrator in intestate's interest in lands is limited by G. L. 3367, to so much only as may be required to pay debts and expenses of administration which cannot be discharged from personal estate of decedent, and when administrator has paid such debts and expenses, his lien is discharged, his authority over such real estate is terminated, and heirs hold property acquit of him and his lien.

3.  Where a material fact was alleged in bill for specific performance, verified by plaintiff, and was not denied or alluded to by defendant in his verified answer, although fact could fairly be

presumed to have been within his knowledge when making oath to answer, such allegation stands admitted, and thus established on record as a judicial admission.

4. Bill for specific performance of a deceased cotenant's agreement to sell his interest in certain land, brought against administrator *de bonis non* of deceased cotenant's estate more than 14¾ years after death of such cotenant's first administrator, *held* not well brought, because the time allowed by law for payment of debts of estate having expired, and undenied allegations of bill showing that such property was all the estate of deceased cotenant remaining to be administered, it necessarily followed that at time bill was brought real estate interests in question were not owned by deceased cotenant's estate, and his administrator *de bonis non* had no interest therein, but said interests were the absolute property of heirs of deceased cotenant.

5. Agreement between nine cotenants, providing that, if any of such cotenants should desire to dispose of his interest in property, remaining cotenants should repay him whatever had been paid out by him in purchase of such property and in improvements, and that upon decease of any of parties such payment should be made to his heirs, executors, and administrators, *held* not fairly subject to construction that on decease of one of part owners and payment as specified by remaining owners, conveyance of deceased's interest must be made by his heirs, executors, and administrators, whether they were willing or not.

APPEAL IN CHANCERY in proceeding for specific performance of agreement between cotenants. Heard on pleadings and facts found by the chancellor, after the March Term, 1923, Chittenden County, *Thompson,* Chancellor. From a decree dismissing plaintiff's bill the plaintiff appeals. The opinion states the case. *Affirmed and remanded.*

*H. A. Bailey* for the plaintiff.

*Charles F. Black* for the defendant.

STATEMENT BY CHIEF JUSTICE WATSON. The following facts were found:

About August 16, 1894, the plaintiff, C. H. West, Samuel E. Burnham, Jesse McIntyre, C. B. Kendall, Samuel Moore, John W. Titcomb, and Hiram Merrihew purchased of Bernard H. Porter, Ben Law Island of about ten or twelve acres in Lake Champlain off from the town of Colchester, and by two deeds from Porter it was conveyed to them later. It was purchased for the purpose of being occupied by the purchasers as a club, and a clubhouse was to be built thereon, which was later built, to be occupied by them jointly.

On August 16, 1894, an agreement was drawn up as to the use and occupancy of the island and was signed by all of said purchasers except Mr. Titcomb, but he was a party to the same and was bound by its provisions. Said agreement is as follows:

"Whereas Ed. S. Watkins, C. H. West, Samuel E. Burnham, Jesse McIntyre, C. B. Kendall, Samuel Moore, John W. Titcomb and Hiram Merrihew have together purchased and now own the island known as Ben-laws island situated in Lake Champlain in the town of Colchester, County of Chittenden and State of Vermont, and have agreed to expend thereon certain sums of money for improvements to said island, buildings thereon and such other purposes as may be mutually agreed upon by and between said parties, now in consideration of the mutual promises hereinafter set forth it is agreed that should any of the aforesaid parties desire to dispose of his interest in said island and in whatever improvements have been made thereon that the remaining parties shall repay to him whatever money has been paid out by him in the purchase of said island in making improvements thereon without interest, said amount being 175.00 Dollars, and upon the decease of any of the above parties the said sum shall be paid to heirs, executors and administrators. And each of the said parties hereby agrees to and with the others for himself, his heirs, executors and administrators that he will not bargain, sell or convey said property and improvements to any other person or persons or in any other manner than as above set forth—Save that it should be eventually agreed at any time between all the parties who hold the said property and improvements to sell and dispose of the same then and in that case the said property may be sold to any person or persons whatsoever free from restrictions or condition by anything herein contained. Any of said parties who may so desire may with the consent of the other parties above mentioned erect a cottage for his private use on said land

but after the erection of such a cottage his obligations for support of the clubhouse and his rights therein shall continue unchanged and if he shall dispose of his interest in said land and improvements to the other parties as heretofore provided he shall not receive any compensation for the cottage rented for his private use unless the other parties chose to give him compensation therefor. In witness whereof the said parties have hereunto set their hands and seals at the City of Rutland this 16th day of August A. D. 1894.''

After the island was purchased a clubhouse was built and maintained thereon by most of the purchasers. Hiram Merrihew never paid anything toward the erection and maintenance of the clubhouse.

At some time after the island was purchased, Hiram Merrihew, by virtue of the provisions of the agreement of August 16, 1894, erected a cottage, barn and icehouse on the southeast corner of the island, which he occupied until his death.

On October 6, 1922, H. A. Bailey, the plaintiff's attorney, tendered to the defendant Lincoln Merrihew, as administrator of Hiram Merrihew's estate, $322.00, which sum was the amount of $175.00 and interest on the same from the date of Hiram Merrihew's death to the date of the tender. Such tender was refused by said Lincoln Merrihew. All exhibits are referred to and made a part of the findings. Other facts found appear in the opinion.

WATSON, C. J. This bill is brought for specific performance of the agreement set forth in the statement of the case. No exception was taken to the facts found by the chancellor. A decree was rendered dismissing the bill with costs to the defendant. The case is here on the plaintiff's appeal. The decree must be affirmed for several reasons.

Under the two deeds from Bernard Porter the nine grantees took severally an undivided one-ninth interest in Ben Law Island, as tenants in common. Hiram Merrihew, one of the cotenants, died intestate on July 18, 1907, and one Harvey Merrihew was appointed administrator of his estate. Harvey Merrihew died on May 8, 1922, and on June 15, following, Lincoln Merrihew was appointed administrator *de bonis non* of the estate of Hiram Merrihew and has acted as such from that time. This bill was served on defendant October 13, 1922, and it was filed the 18th of the same month.

[1, 2]    At the time of Hiram Merrihew's death he owned his original undivided one-ninth interest in the island, and an undivided one-fifth of the interest of Samuel E. Burnham, another of the original cotenants.    The findings state that Hiram Merrihew's estate now owns such interests.    That this statement is not true in fact nor in law, appears beyond question from the record before us.    On the death of the intestate his said interests in the island at once vested in his heirs by descent, subject to the lien of the administrator when later appointed.    *Babbitt* v. *Bowen,* 32 Vt. 437; *Austin* v. *Bailey,* 37 Vt. 219, 86 A. D. 703; *Alexander* v. *Stewart,* 50 Vt. 87; *Bridgman* v. *St. J. & L. C. R. R. Co.,* 58 Vt. 198, 2 Atl. 467; *Coolidge* v. *Taylor,* 85 Vt. 39, 80 Atl. 1038. But such lien was given only to the extent of so much as was required to pay the debts and expenses of administration which could not be discharged from the personal estate of the decedent. G. L. 3367; *Dunbar* v. *Dunbar,* 3 Vt. 472; *Maeck* v. *Sinclear,* 10 Vt. 103; *Bennett* v. *Camp,* 54 Vt. 37.    And when the administrator had paid such debts and expenses, his lien on the real estate was discharged, his authority over that property terminated, and the heirs held such property acquit of him and of his lien.    *Nason* v. *Smalley,* 8 Vt. 118, 127; *Coolidge* v. *Taylor,* cited above.

[3, 4]    The intestate had been dead more than fourteen and three-fourths years at the time of the decease of the first administrator upon his estate.    A month and seven days later, the defendant administrator *de bonis non* was appointed, and still later, October 7, 1922, the bill in this case was subscribed and sworn to by the plaintiff, the oath saying ''that the statements contained in the foregoing petition (bill) by him suscribed are true.''    The time allowed by the probate court to the original administrator for the payment of debts could not exceed three years from the time of granting the letters of administration. P. S. 2905 (G. L. 3385).    And as more than six months beyond the time which might have been allowed to the original administrator for such purpose expired before his death, the time could not be extended to the new administrator.    P. S. 2907 (G. L. 3387); *Alexander* v. *Stewart,* 50 Vt. 87.    Nor was there any occasion therefor.    The bill contains the direct allegation ''that said island interest is all the estate of said Hiram Merrihew remaining to be administered.''    Defendant's answer in no way denies or alludes to the fact so alleged.    Yet it is a

fact which may fairly be presumed to have been within the knowledge of the defendant when he made oath to his answer (June 14, 1923, at which time he had been acting as administrator *de bonis non* for a full year), and so that allegation will be taken as admitted. *Ross* v. *Shurtleff*, 55 Vt. 177. Thus this fact, material and controlling as to one feature of the case, alleged by the plaintiff and admitted by the defendant, stands established on the record by judicial admission. *Holbrook* v. *Quinlan & Co.*, 84 Vt. 411, 80 Atl. 339; *Woodruff* v. *Donaldson*, 90 Vt. 242, 97 Atl. 984. It necessarily follows that at the time this bill was brought the real estate interests in question were not owned by the estate of Hiram Merrihew, nor did his administrator *de bonis non* then have any lien thereon; but said interests were then in fact and in law the absolute property of the heirs of the deceased owner. Consequently the bill was not well brought (*Dale* v. *Roosevelt*, 6 John. Ch. [N. Y.] 255), nor was the tender rightly made to the administrator as such.

[5]  But the plaintiff's case is beset with further and more substantial difficulty. Adverting to the agreement entered into by the nine tenants in common, upon which the plaintiff bases his right to the relief here sought, it contains the provision "that should any of the aforesaid parties desire to dispose of his interest in said island and in whatever improvements have been made thereon that the remaining parties shall repay to him whatever money has been paid out by him in the purchase of said island and in making improvements thereon without interest, said amount being 175.00 Dollars and upon the decease of any of the above parties the said sum shall be paid to heirs, executors and administrators." By virtue of this provision the plaintiff claims that when Hiram Merrihew died the remaining cotenants were entitled to his interest in the island and buildings thereon, on the payment of $175.00 to his heirs, executors, or administrators, and that the plaintiff is entitled to that interest on the payment of the sum named to the administrator of Hiram Merrihew's estate. This claim is denied by the defendant, and both administrators of the estate refused to sell or deed such interest to the plaintiff.

It is to be noticed that the said provision in the contract in no wise specifies that on the death of any of said parties his interest in the island at his decease shall be conveyed to the remaining co-owners by the heirs, executors, and administrators of

the deceased person, and that thereupon said sum shall be paid to such heirs, executors, or administrators. It simply says "and upon the decease of any of the above parties the said sum shall be paid to heirs, executors, and administrators." The latter provision is to be understood and construed with reference to and in connection with what goes before it in the same sentence, namely, "that should any of the aforesaid parties desire to dispose of his interest in said island," etc., the remaining parties shall repay to him the sum named, etc. The provision does not mean nor is it fairly subject to the construction that on the decease of one of the part owners, his heirs, executors, and administrators should convey the interest of the deceased to the remaining owners, whether such heirs, executors, or administrators desired to dispose of such interest or not.

Whether by reason of the fact that the agreement in question was not signed by Titcomb (who is named in the body thereof as one of the purchasers of the island and as entering into the agreement), it was so incomplete on its face, or so lacked mutuality, that a court of equity will not decree specific performance, are questions not now considered nor determined. As to necessity of completeness, see *Godwin* v. *Collins,* 3 Del. Ch. 189; *Orenstein* v. *Kahn,* 13 Del. Ch. 376, 119 Atl. 444; Pom. Specif. Perf., § 147. As to mutuality, see Pom. Specif. Perf., § 162 *et seq.*

*Decree affirmed and cause remanded.*