THE MAYOR AND COUNCIL OF THE BOROUGH OF
RUTHERFORD, appellants,

*v.*

MARTHA B. ALYEA et al., respondents.

1. A multifarious bill may, at an early stage of the cause, be dismissed by the court of its own motion.

2. Except for some special reason, the court of chancery will not interfere with the ordinary jurisdiction of the probate courts in the settlement of the accounts of executors and administrators.

3. A bill for an account will not be retained when it shows on its face that the complainant is informed of all the items of the account, and no relief is prayed with reference to the balance.

4. A creditor of a deceased person cannot maintain a bill to set aside as fraudulent a conveyance of the decedent's lands, when the bill shows that the personal property of the deceased is ample to pay his debts.

5. A creditor at large of a deceased person, who has not presented his claim to the personal representative under the statute, cannot maintain a bill in equity to set aside as fraudulent a conveyance of the decedent's lands.

On appeal from a decree advised by Vice-Chancellor Emery, whose opinion is reported in *Borough of Rutherford* v. *Alyea, 8 Dick. Ch. Rep. 580.*

*Mr. Anderson Price*, for the appellant.

*Mr. Addison Ely*, for the respondents.

The opinion of the court was delivered by

DIXON, J.

The present appeal questions the correctness of an order sustaining the bill of complaint against the demurrer of Martha B. Alyea and Garrabrant R. Alyea.

The bill alleges that Thomas W. Alyea was collector of taxes in the borough of Rutherford until his death, in September, 1893; that while in office he delivered to Garrabrant, as his agent, certain moneys and securities belonging to the borough; that on his death Martha became his executrix and chief legatee and devisee; that Garrabrant was appointed collector of the borough to succeed Thomas; that Thomas was a defaulter in office, and died owing the borough a large sum of money; that Martha has not accounted as executrix of Thomas; that she has made voluntary transfers of some personal property left by him, and has made a fraudulent conveyance of some of his real estate to Garrabrant, her husband, and thereupon the bill prays, or seems to pray, that Martha may account as executrix; that Garrabrant may account, both as agent of Thomas and as collector of the borough, and that the conveyance to Garrabrant may be set aside.

The multifarious character of the bill, even after being stripped of the matters against other defendants, which were eliminated in the court below, is manifest. The account of the executrix has not the least connection with the account of the collector, and Martha is not charged with the slightest duty touching the official conduct of her husband. Although the demurrer does not set up this ground of complaint, yet, the attention of the court being drawn to the matter at this early stage of the cause, it would be in entire accord with equitable principles for the court, of its own motion, to stop proceedings on a bill so framed.

A further examination will, we think, show that for other reasons the bill should not be entertained.

First, with regard to an accounting by the executrix. The bill does not aim to draw into the court of chancery the general settlement of the decedent's estate; it is concerned only with the payment of the complainant's claim. While the court of chancery has concurrent jurisdiction with the probate courts in the settlement of the accounts of executors and administrators, yet it will not interfere with the ordinary jurisdiction of those courts except for some special cause. *Frey* v. *Demarest, 1 C. E. Gr. 236.* The present bill suggests no special cause for the intervention of a court of equity, but, on the contrary, indicates that the account is one which may be readily adjusted in the orphans court.

Second, as to the accounts of Garrabrant W. Alyea. The bill admits that he had paid into the borough treasury everything which he had received as agent of Thomas, so that nothing remains to be litigated on that score. As collector, he is alleged in the bill to owe to the borough a balance of $1,718.30, but the items on both sides of the account producing that balance are precisely set forth in the bill, so that no discovery is required, and no decree whatever is prayed for with respect to the balance. An ordinary action for money had and received would seem to afford the complainant an ample remedy.

Third, concerning the setting aside of the alleged fraudulent conveyance of the decedent's lands, there are at least two obstacles in the complainant's path. In the first place, the decedent's personal property is the primary fund for the payment of his debts, and according to the bill the personal property amounts to $5,276.49, while the only debt is that due to the complainant, $3,290.15; so that there appears to be no occasion for a resort to real property. In the second place, it is not averred that the complainant's claim has been either reduced to judgment or presented to the executrix under the statute, so as to bring it within the rule laid down in *Haston* v. *Castner, 4 Stew. Eq. 697.* The decision in *Merchants' Transportation Co.* v. *Borland, 8 Dick. Ch. Rep. 282,* is cited to support the contention that a mere creditor at large may pursue the real estate of his deceased debtor fraudulently conveyed. But the opinion of the learned vice-chancellor

.in that case does not go so far; he only held that a judgment recovered in a sister state, being, under the federal constitution, as conclusive as if recovered here, would sustain such a pursuit in equity. The complainant is simply a creditor at large.

On the whole, we think this bill is not so framed as to entitle the complainant to any relief, and should be dismissed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, NIXON—12.

*For affirmance*—None.