RICHARD OUTWATER

*v.*

JOHN O. BENSON and JACOB DELAZIER, executors of last will of John O. Turhune, deceased.

[Decided November 21st, 1912.]

The court of chancery should not interfere in the settlement of accounts of executors and administrators if any progress has been made in the cause in the orphans court, unless some good cause is shown.

*Mr. Francis Scott,* for the complainant.

*Mr. John O. Benson,* for the defendants.

LEWIS, V. C.

John O. Terhune died on or about the 16th day of April, 1911, leaving a will dated April 14th, 1911, in which, after making certain bequests, he proceeded as follows:

"The residue of my estate I give, devise and bequeath to my relatives as the law in such cases provide."

The testator was a bachelor and his nearest relatives were first cousins and the descendants thereof, and altogether the collateral heirs who are entitled to a share in said estate number not less than one hundred persons.

The said will and testament, after contest, was sustained by the Passaic orphans court, and said executors duly qualified and are now acting as such, and there is no appeal from the decision of the Passaic orphans court upon said will.

The complainant sets up that he is a second cousin to the testator and that he is entitled to a share of the estate, and prays that said clause of said will above quoted may be construed so that the complainant will be determined to be one of the collateral heirs of the testator and entitled to a portion of his estate, and to the end that a reference be made whereby it can be ascertained who are the heirs of the testator, and upon what principle the order of distribution can be made, and that this court take jurisdiction in this case for the purpose of doing justice in said matter among all parties legally entitled and concerned.

The complainant further says that the executors are disposed to recognize his claim, but that a number of persons, who are remote relatives of the testator, have sent in claims to said executors, which claims the executors are disposed to pay, but which claimants the complainant denies are entitled to any share of such estate.

The complainant claims his right under the statute of distribution, and particularly under the act of 1899. *P. L. 1899 p. 204.* He sets forth his relationship to the deceased, and declares under that statute that he is related, and wants a decree

of the court of chancery to direct the executors to recognize him in the distribution of the estate.

The executors answering, say that they think he is entitled to a share in the estate under that act. They admit also, as stated by the bill, that numerous other collateral heirs are claiming under the same act to have a share in said estate. They also state, by way of cross-bill, that they have settled up said estate, are now ready to file their final account, but are in the dark as to who the heirs are under the provision of the will of the testator.

There is a request, not only by the claimant, but by the defendants, who, in their cross-bill, become complainants, as to how to distribute an estate which they are ready to distribute.

I fail to see any reason why the court of chancery should be asked to take jurisdiction in this cause, for it is well established that a court of equity will not interfere with the ordinary jurisdiction of the orphans court in the settlement of the accounts of executors or administrators, unless for some special cause, if any progress has been made in the orphans court; and the court of chancery cannot be compelled to construe a will except as incident to some relief which may be afforded by a final decree; nor can it be induced to give counsel and advice to the parties generally.

The masters and examiners of the court of chancery are *ex-officio* masters and examiners of the orphans court, and the orphans court may refer to a master and examiner any matter upon which it may be necessary to have the report of a master, who performs the same duties as in proceedings in the court of chancery.

"Except for some special reason the court of chancery will not interfere with the ordinary jurisdiction of the probate court in the settlement of the accounts of executors and administrators." *Rutherford* v. *Alyea, 54 N. J. Eq. (9 Dick.) 411; Frey* v. *Demarest, 16 N. J. Eq. (1 C. E. Gr.) 236.*

"Where there are no special reasons for going into equity, the orphans court is the proper tribunal and should be selected by all parties for settling the accounts of executors and administrators." *Salter* v. *Williamson, 2 N. J. Eq. (1 Gr. Ch.) 480.*

See also *Clark* v. *Johnston, 10 N. J. Eq. (2 Stock.) 287:*

*Hoagland* v. *Cooper, 65 N. J. Eq. (20 Dick.) 407; Frey* v. *Demarest, 16 N. J. Eq. (1 C. E. Gr.) 236; Search* v. *Search, 27 N. J. Eq. (12 C. E. Gr.) 137; Baxter* v. *Baxter, 43 N. J. Eq. (16 Stew.) 82; Smith* v. *McDonald, 69 N. J. Eq. (3 Robb.) 765.*

The language of the testator in the·clause above quoted is clear, and, under the Orphans Court act of 1898 and 1899, there should be no difficulty in readily ascertaining who are the distributees.

I cannot see that this is a case which calls for the interposition of the court of chancery.

For these reasons I shall advise a decree of dismissal.