Complainant seeks an injunction pendente lite restraining defendant from prosecuting an action at law. He entered into a contract with defendant by which he agreed to purchase stock of a corporation, and to pay therefor in installments at the rate of $25 a week. The contract contained an acceleration clause providing that in case of default in making the payments, the vendor had the right to demand payment of the entire balance due. The stock was placed in escrow with two custodians pending the completion of the transaction. Complainant defaulted and defendant demanded payment in accordance with the contract of the balance due. Upon complainant's failure to pay this balance of the purchase price, defendant declared the contract rescinded and demanded the delivery back to him of the stock. He thereafter brought an action at law in replevin to recover its possession. *Page 5 
Complainant here made a motion in the action at law to strike the complaint on the ground that the vendor had no right to rescission because the default was not of such a nature as to entitle him thereto. The Circuit Court denied the motion to strike on the ground that there was an issue to be tried as to whether the rescission was after the vendor had given the vendee a reasonable time to make good on the default. Complainant thereupon brought the present suit.
The right to an injunction is not an absolute one, and, particularly in the case of an injunction pendente lite, rests in the sound discretion of the court. It is, of course, elementary that an injunction will not issue to restrain an action at law where the remedy at law is adequate. Nor will an injunction issue where there is no threat of irreparable injury. It appears in the instant suit that complainant rests his ground for relief here on the same contention that he raised in the action at law, namely, that the default was so minor and endured for so short a time that there was no ground for rescission. Since this issue is before the court of law, I see no reason at this time for interfering with its trial there.
The contention of complainant that defendant is attempting to work a forfeiture appears to me to be unsound. It appears that defendant has tendered back to complainant all the payments made by him on account of the purchase price so that there is no penalty sought to be imposed upon the vendee except his right to retain the stock after his breach of the contract. The vendor rests his right to rescission upon the Sales Act, R.S.46:30-71, which expressly provides for rescission in case of failure to make payment for personal property bought. In the case of McTague v. Sea Isle City Building Association,57 N.J. Law 427, the court held that the question of whether delay in performance was of such a nature to give ground for rescission can be tried in a court of law.
There is some conflict as to the facts as to the payments made and the ground on which the rescission was based. The complainant, in his moving affidavit, asserts that there was a default in the payment of $25 for a period of six (6) days, *Page 6 
and that this gave no ground for rescission. The defendant, on the contrary, states that the default was not for one payment but for four payments and seems to demonstrate the truth of this contention by quoting from an affidavit made by complainant before the Circuit Court, in which the details of payment are given and which bear out defendant's contention. Defendant, in his affidavit, further sets out that the rescission was based not on the failure to pay the weekly installment but on failure to pay the entire balance due after demand under the acceleration clause. Complainant has not denied this.
Under the circumstances, I have decided not to enjoin the action at law but to allow it to proceed. The bill itself is retained for further appropriate action if necessary after the determination of the action at law.