This suit is before the court on an application for an injunction pendente lite restraining defendants from prosecuting an action at law in replevin. Complainant entered into a contract with defendants whereby he leased defendants' premises for use as a bar, and defendant Attilio E. Belli agreed to furnish certain bar fixtures and furniture for use *Page 488 
therein. Complainant agreed to pay $275 a month the first year and $200 a month for the balance of the term. At the expiration of the lease the appliances were to become the property of complainant. These sums are stated in the contract as rent, with no allocation of part of them as being in payment for the appliances. The agreed sums were paid for some months when a dispute arose and complainant removed the appliances from the premises. Defendants brought the replevin suit to recover them.
The replevin suit was begun in 1943. Complainant interposed a counter-claim which was dismissed. Late in 1945 he brought an independent suit at law for breach of the contract. A few days later he brings the present suit for reformation of the contract, claiming that by mistake the contract failed to provide that of the sums agreed to be paid, $75 was to be for rent, the balance to be for the purchase of the chattels.
An injunction pendente lite is an extraordinary remedy, granted only where a clear need for it is shown. West JerseyRailroad Co. v. Cape May, c., Co., 34 N.J. Eq. 164;Braverman v. Braverman, 134 N.J. Eq. 4. Where complainant's rights are doubtful, an injunction will be denied.
The sole basis for the suit in Chancery is reformation for an alleged mistake. But the reformation sought would not shift title from defendants to complainant, since in any event the chattels were by its terms to be conveyed to him only on the expiration of the lease. After more than two years in the law courts, during which complainant made no effort to come into this court for relief, and did not assert any such claim as now made, he now seeks to stay the law action on the verge of trial. It is unnecessary to pass upon the point that complainant has by his own suit at law made an election of remedies, since he has otherwise not shown the clear grounds necessary to justify the relief now asked.
An injunction pendente lite will be denied. *Page 489