This suit is brought by two of the residuary legatees under the will of James A. Rude, who died a resident of Sussex County on July 20th, 1943. Defendant, his widow, has a life *Page 60 
estate, and is named as one of the executors. Complainant Roland Tidaback is named in the will as another executor, but did not qualify as such until August 22d 1945, due to the fact that he was in the military service. Meantime defendant took over the management of the estate.
The bill here charges various acts of misconduct by defendant, alleging among other things that defendant refuses to co-operate with her co-executor, that the estate is being wasted, that defendant has wrongfully discharged a mortgage, the property of the estate, and has converted the proceeds thereof to her own use.
The prayers of the bill are that defendant account, that she be removed as executrix and trustee, that the mortgage referred to be continued as a mortgage and its cancellation declared of no effect, and that she be restrained from spending any money belonging to the estate or dealing in regard thereto without the consent of Roland Tidaback. A receiver is also prayed for.
An order to show cause was issued why the restraint prayed for should not be granted pending the final hearing, and an interim restraint was signed holding matters in status quo until the determination under the order to show cause.
The remedy by injunction pendente lite is an extraordinary one, and is invoked only when in the discretion of the court it is clearly shown to be necessary. Braverman v. Braverman,134 N.J. Eq. 4; affirmed, 135 N.J. Eq. 43. Nor will this court interfere with the ordinary jurisdiction of the Orphans Court, unless for some special cause. Outwater v. Benson, 81 N.J. Eq. 154,
and the cases there cited. In Rutherford v. Alyea,54 N.J. Eq. 411, the court said: "Except for some special reason the Court of Chancery will not interfere with the ordinary jurisdiction of the probate court in the settlement of the accounts of executors and administrators."
At the return of the order to show cause, it developed that an accounting proceeding was pending in the Orphans Court. I do not see any reason why the rights of the parties cannot be determined there. The prayer for the nullification of the mortgage referred to, could not be effected since all the parties thereto are not before this court. *Page 61 
I can see no necessity for restraining the proceedings in the Orphans Court, and accordingly an order will be advised denying the injunction pendente lite prayed for and dissolving the interim restraint.