MARY E. FILLEY, complainant-appellant,

*v.*

FREDERICK A. VAN DYKE et al., defendants-respondents.

[Submitted July 6th, 1908. Decided April 30th, 1909.]

1. Except for some special reason, the court of chancery will not interfere with the ordinary jurisdiction of the probate courts in the settlement of the accounts of executors and administrators.

2. But if such special reason be apparent, it is not only the right but the duty of that court to interfere; and its action in the premises will be subject to review.

On appeal from an order of the court of chancery sustaining a demurrer to a bill, which order was advised by Vice-Chancellor Garrison, whose opinion is reported in *74 N. J. Eq. (4 Buch.) 219.*

*Mr. John J. Crandall,* for the appellant.

The opinion of the court was delivered by

PARKER, J.

The question raised by this appeal is whether the court of chancery erred in refusing upon the face of the complainant's bill, to take over from the orphans court of Atlantic county the supervision of the final accounting of administrators of the estate of Sarah E. Buck, deceased. In the opinion of Vice-Chancellor Garrison, reported in *74 N. J. Eq. (4 Buch.) 219*, it was assumed, and rightly, that unless some special reason appeared for such action, the court of chancery, notwithstanding its ancient and well-established jurisdiction in that regard, would not interfere with the jurisdiction over the accounts of executors and administrators which was vested by statute in the orphans court. This proposition is well established by a long line of decisions cited by the same vice-chancellor in *Wyckoff v. O'Neil, 71 N. J. Eq. (1 Buch.) 681*, to which may be added for completeness, *King v. Berry, 3 N. J. Eq. (2 Gr. Ch.) 44; Search v. Search, 27 N. J. Eq. (12 C. E. Gr.) 137*, and *Field v. Field, 61 N. J. Eq. (16 Dick.) 154*. The assumption of jurisdiction by chancery in cases where the orphans court has already entertained an accounting and has not completed it by a final decree thereon, rests in the sound judicial discretion of the former court, in view of such special circumstances as may be presented in the particular case; the question then being whether the circumstances show special cause for the interference of the court. *Bird v. Hawkins, 58 N. J. Eq. (13 Dick.) 229, 239.*

In *Salter v. Williamson, 2 N. J. Eq. (1 Gr. Ch.) 480*, the desire of the parties interested for an account in chancery, their right to discovery, and questions relating to alleged advancements to the administrator, were held sufficient cause; so, in *King v. Berry, 3 N. J. Eq. (2 Gr. Ch.) 44*, was a prayer for injunction against the executors and for a receiver of certain property and that security be required of the executors. In *Clarke v. Johnston, 10 N. J. Eq. (2 Stock.) 287*, nothing having been done in the orphans court, and chancery having a complete basis for accounting in the bill and answer, it proceeded in that court.

In *Bird* v. *Hawkins, 58 N. J. Eq.* (*13 Dick.*) *229,* the necessity of construing a will in order to account properly was held sufficient; and in *Field* v. *Field,* ;*61 N. J. Eq.* (*16 Dick.*) *154,* the same view was expressed as to a charge that certain real estate was burdened with a trust requiring a sale under supervision of the court and *ad interim* collection of rents. But chancery refused to interfere in *Van Mater* v. *Sickler,* ;*9 N. J. Eq.* (*1 Stock.*) *483,* where there were merely errors in the account which could be reviewed by exceptions; in *Frey* v. *Demarest, 16 N. J. Eq.* ·(*1 C. E. Gr.*) *236,* a suit brought after final account for the collection of a share ascertained thereby; and in *Rutherford* v. *Alyea,* ;*54 N. J. Eq.* (*9 Dick.*) *411,* a bill by a creditor not aimed at the general settlement of the estate, but seeking the collection of the creditor's claim, this court reversed an order overruling a demurrer to the bill and held it not a case for entertaining jurisdiction.

The facts appearing by the present bill are that Sarah E. Buck died about March 4th, 1900, intestate, leaving personal property amounting to $31,000, and her mother, Amy A. Van Dyke, and her two brothers, Frederick A. Van Dyke and William B. Van Dyke, as next of kin. That the brothers were appointed administrators in April, 1900. That Frederick was removed as administrator about 1905, and the Guarantee Trust Company substituted, but that Frederick refuses to turn over assets in his hands and that the substituted administrator has taken no steps to collect them; that Frederick is financially irresponsible and that his surety should be held liable; that no account of the estate showing Mrs. Van Dyke's distributive share had been exhibited, though seven years had elapsed; that about the latter part of 1906 Mrs. Van Dyke filed her bill against the administrators praying for a discovery and payment of her share in the estate, and that Frederick answered, setting up certain alleged payments specified in the bill, as having been passed on by the orphans court and charged to the estate, which the present complainant claims are fictitious and fraudulent, but that on account of want of parties to the bill and because of Mrs. Van Dyke's illness at the time and death shortly afterwards, her bill was dismissed;

that she left a will in favor of complainant, Mary E. Filley, who has succeeded to her rights as executrix; that one of such payments in particular was in satisfaction of a judgment recovered against Frederick and William personally by the judge of the orphans court for legal services rendered by him to them, and that he never rendered any services to the estate. The prayer is for discovery of the estate generally and specially as to the items of discharge which are challenged, and for relief against the administrators and their surety. Among the defendants named are the administrators, their surety, the Atlantic Safe Deposit and Trust Company, the substituted administrator, Guarantee Trust Company, and the judge of the orphans court in which the final account would ordinarily be conducted, and in which the proceedings have heretofore been had, who recovered the judgment already mentioned. The only demurrers are by the Atlantic Safe Deposit and Trust Company and the Guarantee Trust Company, and are identical in form. They specify a number of causes, of which apparently only one, general want of equity, was considered. The order appealed from sustains only the demurrer of the Atlantic Safe Deposit and Trust Company, and on the sole ground that "the bill of complaint does not show a case of equitable cognizance."

Treating the case on the lines of the opinion and decree below, we are unable to agree with the vice-chancellor that no special cause for interposition by the court of chancery appeared on the face of the bill. We think the long delays unexplained, the inaction of the parties, the retention of assets by Frederick, and, above all, the action of the judge in passing an important item of account in which he was personally interested, all of which were admitted by the demurrer, furnished ample reason for interference by the court of chancery and its assumption of full jurisdiction in the premises. It has already been said that this question is one for the sound judicial discretion of that court; and, ordinarily, matters of discretion are not reviewable; but in *Rutherford* v. *Alyea, ubi supra,* this court treated the question as subject to its appellate jurisdiction; so also in the somewhat analogous case of refusal to appoint a receiver, *Fitzgerald* v. *State*

*Mutual Building and Loan Association,* 72 *N. J. Eq.* (*2 Buch.*) *829.*

The other grounds of demurrer, which were not discussed in the opinion of the court below nor mentioned in the decree appealed from, have nevertheless been examined to see whether any of them will support the demurrer. As to the first ground, which was that the Atlantic Safe Deposit and Trust Company, surety, is neither a proper nor necessary party, it is enough to say that the propriety of joining the surety in an action of this character was adjudged in *Dorsheimer* v. *Rorback,* 23 *N. J. Eq.* (*8 C. E. Gr.*) *46,* affirmed by this court in 25 *N. J. Eq.* (*10 C. E. Gr.*) *516;* and we do not understand that a defendant who is properly joined can complain that his joinder was unnecessary. The second ground, that no decree was prayed against the demurring defendant, and the third, that there is no prayer for relief as to any of the defendants, are disposed of by what has already been said; the fourth, that certain other defendants are not proper parties, is not available to this defendant. *Herman* v. *Freeholders,* 71 *N. J. Eq.* (*1 Buch.*) *541;* the fifth, that chancery is deprived of jurisdiction by the existence of jurisdiction in the orphans court, was correctly disposed of in the opinion below; the sixth, and last, was the basis of the decree below.

We therefore conclude that the order sustaining the demurrer was erroneous, and it will accordingly be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—13.