LEWIS NELSON et al.

*v.*

CARL P. ERRICKSON, executor of the last will and testament of Augustus Nelson, deceased.

[Decided March 22d, 1913.]

While it is a well-settled rule that a court of equity will not assume jurisdiction of a decedent's estate, where the orphans court has entertained an accounting, unless special circumstances are shown, yet the following causes, singly or in the aggregate, amply supply the special reasons, which make it not only the right, but the duty of this court, to interfere with the jurisdiction of the orphans court in the settlement of this account, viz.:

. (*a*) That at the time of the testator's death, the executor was indebted to him in the sum of $33,000 upon a bond, secured by a mortgage upon a hotel property, which mortgage debt had matured; that a large amount of interest has accrued, and that the executor has not shown a disposition to pay the bonded debt, or to convert the security into cash, nor has he taken steps to foreclose the mortgage, it being manifest that the mortgaged premises are scant security for the debt.

· (*b*) That the testator bequeathed $15,000 to the defendant, which he, instead of applying to the reduction of the mortgage debt just mentioned, appropriated to his and another use.

(*c*) That the executor fraudulently compromised a claim of the testator's housekeeper by paying her $6,000, he well knowing that no moneys were due to her, and that the compromise and settlement was for an ulterior and corrupt purpose.

(*d*) That the defendant is indebted to the estate on three bonds of $1,000 each, and in the sum of $5,000, the balance of the purchase price of the hotel property above mentioned, and in other large sums of money upon promissory notes and other evidences of indebtedness, which, presumably, are in the possession of the defendant.

(*e*) That $10,000 was bequeathed to the executor in trust, the income whereof was to be paid to Bengta Miller for life, with remainder over to the residuary legatees, and that the defendant has invested the principal of this sum in a mortgage made by him on the estate on lands at Holly Beach, worth not more than ten per cent. above the mortgage.

On motion to strike out bill of complaint.

*Mr. Harrison H. Voorhees* and *Messrs. Wescott & Wescott,* for the motion.

*Messrs. Hartshorne, Insley & Leake, contra.*

WALKER, CHANCELLOR.

The bill (amended) is filed to compel the defendant, executor of the last will and testament of Augustus Nelson, deceased, admitted to probate by the surrogate of Cape May county, to settle his account as such executor, and for a discovery of assets. An inventory and appraisement of the personal estate was filed in the surrogate's office, and on September 17th, 1912, the executor filed a final account in the same office, to which exceptions were filed by the complainant Nelson. Pending a hearing thereof by the orphans court of Cape May county this bill was filed.

It is now moved to dismiss the bill because, it is urged, no special reason is shown why this court should intervene in the settlement of the estate, and because it is a well-settled rule that a court of equity will not assume jurisdiction of a decedent's estate where the orphans court has entertained an accounting, unless special circumstances are shown. I find in the bill abundant causes for intervention. The bill alleges *inter alia:*

(*a*) That at the time of the testator's death the executor was

indebted to him in the sum of $33,000 upon a bond secured by a mortgage upon a hotel property at Holly Beach, in Cape May county, which mortgage debt matured October 2d, 1912; that a large amount of interest has accrued, and that the executor has not shown a disposition to pay the bonded debt, or to convert the security into cash, nor has he taken steps to foreclose the mortgage. That the mortgaged premises is scant security for the debt is manifest. It was purchased by the defendant from the testator at an agreed price of $40,000. The mortgage for $35,000 was given in part payment. The balance of the purchase price, $5,-000, remains unpaid.

(b) That the testator bequeathed $15,000 to the defendant which he, instead of applying to the reduction of the mortgage debt just mentioned, appropriated to his and another use.

(c) That the executor fraudulently compromised a claim of .Bengta Miller, the testator's housekeeper, by paying her $6,000, he well knowing that no moneys were due to her, and that the compromise and settlement was for an ulterior and corrupt purpose.

(d) That the defendant is indebted to the estate on three bonds .of $1,000 each, and in the sum of $5,000, the balance of the purchase price of the hotel property aforementioned, and in other large sums of money upon promissory notes and other evidences of indebtedness, which, presumably, are in the possession of the defendant.

(e) That $10,000 was bequeathed to the executor in trust, the income whereof was to be paid to Bengta Miller for life, with remainder over to the residuary legatees, and that the defendant has invested the principal of this sum in a mortgage made by him on the estate on lands at Holly Beach, worth not more than ten per cent. above the mortgage.

The right of the residuary legatees (of which the complainant Nelson is one) to have the $15,000 legacy ———— ———— of the defendant set off against his $35,000 bonded and other debt, and to have a discovery and full disclosure of the circumstances and considerations which influenced the defendant to dissipate $6,000 of the estate, in the settlement of a fraudulent claim, and also a discovery of the indebtedness of the defendant to the dece-

dent, and as well to have conserved their estate in the residuum, by a foreclosure of the $35,000 mortgage, and by investment in safe security the Miller trust, if their allegations be true, is obvious. In my judgment, the causes for complaint above noted, singly or in the aggregate, amply supply the special reasons, which make it not only the right but the duty of this court to interfere with the jurisdiction of the orphans court in the settlement of this account. *Filley* v. *VanDyke, 75 N. J. Eq. (5 Buch.) 571.* The motion to dismiss is denied, with costs.

In his brief the counsel for the defendant supported his argument against the acquisition of jurisdiction by this court largely by denying the allegations of the bill. The falsity of the allegations is of no moment. On this motion I have, as I must, treated the allegations as true.

There was no objection made to the form or structure of the bill. It ought to be amended by adding the remaining residuary legatees as parties. *Wyckoff* v. *O'Niel, 71 N. J. Eq. (1 Buch.) 681.*

The bill erroneously recites that annexed to is a copy of the testator's will. This ought to be added.