DANIEL B. McCARTIE, executor, &c.,

*v.*

JOHN MURPHY et al.

[Decided March 30th, 1914.]

1. When an executor has settled his accounts in the orphans court and obtained a final decree fixing the amount of assets in his hands, and a person living in a foreign country beyond the seas makes claim that he

is next of kin of the decedent, and filed a petition in that court praying that the whole estate be awarded to him as such, and the fund in the executor's hands is likewise claimed by a municipality on behalf of the department of the poor and alms, a bill is maintainable in this court by the executor for the purpose of withdrawing the litigation over the distribution of the estate into this court, where such bill sets forth the rival claims to the fund, and, among other things, prays for a discovery by the claimant of the means whereby he claims to be next of kin of the decedent, and the names and addresses of the persons by, through and under whom he claims to occupy that relation to her.

2. This court has concurrent jurisdiction with the orphans court of all matters pertaining to the administration and settlement of estates of decedents. But after a proceeding has begun in the orphans court, this court will not disturb it in its jurisdiction unless there exists some equitable reason why it should do so. In this case the reasons urged are the opposing claims above mentioned, and the necessity of a discovery from the claimant of the facts relating to his position as next of kin.

3. It is manifest that the statement of the complainant executor, that he has been unable to ascertain or determine whether the claimant is entitled to the place of next of kin of the decedent and has no means of ascertaining the truth of his claim, shows that the complainant must have the aid of this court to procure such evidence as may be necessary properly to make a defence to the claim, if a defence shall be made, or to investigate it and find out whether it is a true or false one.

On motion for preliminary injunction.

*Mr. William A. Smith,* for the motion.

*Mr. Frederick M. Pearse, contra.*

HOWELL, V. C.

The bill alleged that Catherine Wright died on January 3d, 1906, in this state, where she was domiciled, leaving a last will and testament by which she gave her whole estate to her son John, and appointed the complainant executor thereof. John Wright, the legatee, died about a month before the testatrix, leaving no issue. The will was admitted to probate by the surrogate of Essex county in 1906, and the executor has recently settled his accounts in the orphans court and obtained a final decree fixing the amount of assets in his hands at $5,511.72. Recently one James Murphy, of Ireland, made claim that he was next of kin to the deceased and filed a petition in the

orphans court praying that the whole estate be awarded to him as such. The fund in his hands is likewise claimed by the mayor and common council of the city of Newark on behalf of the department of poor and alms. The executor now files his bill for the purpose of withdrawing the litigation over the distribution of the estate into the court of chancery, and sets out the rival claims to the fund, and, among other things, prays for a discovery by the claimant, Murphy, of the means whereby he claims to be the next of kin of the decedent, and the names and addresses of the persons by, through and under whom he claims to occupy that relation to her.

This court has concurrent jurisdiction with the orphans' court of all matters pertaining to the administration and settlement of the estates of decedents. *Van Mater* v. *Sickler, 9 N. J. Eq. 483; Frey* v. *Demarest, 16 N. J. Eq. 236; Search* v. *Search, 27 N. J. Eq. 137.* But after a proceeding has been begun in the orphans court this court will not disturb it in its jurisdiction unless there exists some good, equitable reason why it should do so. In this case the reasons urged are the opposing claims above mentioned, and the necessity of a discovery from the claimant, Murphy, of the facts relating to his position as alleged next of kin. The jurisdiction in *Frey* v. *Demarest* was sustained largely on the necessity of discovery. And such is the case here; the complainant, who is the custodian of the fund, and therefore acting in a fiduciary capacity on behalf of all persons interested, states that he has been unable to ascertain or determine whether the said Murphy is entitled to the place of next of kin of the deceased, and has no means of ascertaining the truth of his claim. It is therefore quite manifest that the complainant must have the aid of this court to procure such evidence as may be necessary to properly make a defence to the claim if a defence shall be made, or to investigate it and find out whether it is a true or a false one.

Upon these grounds I think that the injunction should issue, and I will advise an order to that effect.