The complainant, executor of the estate of Charles K. Landis, who died in 1900, files a bill of accounting in this court, attaching a summary of her account from December 31st, 1916, to January 1st, 1924.
She recites that she is the surviving executrix of the estate, and is now acting as such executrix as well as trustee under the said last will and testament. That she has filed two intermediate accounts as such executrix in the office of the surrogate of Cumberland county — first, for the period prior to November 1st, 1902, and the second from that date to December 31st, 1916.
That the said estate consisted largely of real estate holdings, and that she was compelled to conduct the management of said estate as a business and sell the lands owned by the estate at such times as the market was favorable. That such sales have, between the years 1900 and 1924, aggregated the sum of $281,118.40, and that she has distributed the sum of $220,000 among the legatees of said estate.
That at the present time there is due said estate upon land contracts the sum of $23,227.24, and upon mortgage given in part payment of land purchased, $25,820.
She further alleges that the devisees have, by common consent, and without objection, participated in the profits of the conduct of said estate thus establishing a constructive trust in which each devisee owes a duty to the other accordingly, she desires to file, in this court, her account of the administration of said estate from the 31st day of December, 1916, to January 1st, 1924.
Application is made by one of the defendants for an order striking out the bill of complaint. Complainant relies uponGilligan v. Daly, 79 N.J. Eq. 36. That case, however, was a bill for an accounting, filed by legatees of decedent against the executor of the estate.
In this estate an application was made to this court many years ago by one of the legatees under the will "to remove the administration of the estate to the chancery court and for an accounting." *Page 248 
The application to remove was denied. See Vineland Historical,c., Society v. Landis et al. (April 10th, 1907),66 Atl. Rep. 946.
Counsel frankly states that the conditions and situation of the estate has not been changed since the last accounting.
This court has concurrent jurisdiction with the orphans court of all matters pertaining to the administration and settlement of the estate of the decedents. Van Mater v. Sickler, 9 N.J. Eq. 483;Frey v. Demarest, 16 N.J. Eq. 236; Search v. Search,27 N.J. Eq. 137.
"The orphans court is invested by statute with full jurisdiction over the accounts of executors, administrators, guardians and trustees, with all incidental powers necessary to effectuate this jurisdiction." P.L. 1898 p. 715 § 2; p. 757
§§ 114, 134; p. 765 § 138; p. 767 § 140, .; p. 782 § 174,c.
"It is established that the jurisdiction of that court over the subjects committed by statute to its cognizance is a general jurisdiction, similar to that of the chancery and prerogative courts, and that its authority over the accounts of trustees under wills is as ample as that of the court of chancery."Pyatt v. Pyatt, 46 N.J. Eq. 285, 288; Dunham v. Marsh,52 N.J. Eq. 256, 261; affirmed, 52 N.J. Eq. 831.
"It goes without saying that the accounts of a trustee under a will must be stated and settled on equitable principles, according to the truth and substance of the matter in controversy, and without regard to matters of form." Woolsey v.Woolsey, 72 N.J. Eq. 898, 900.
The chancellor, In re Walker, 95 N.J. Eq. 619, quotes 24C.J. 940, note 60 p. 941, as stating:
"A court which granted letters testamentary or of administration is generally the proper court to exercise jurisdiction in the settling of the accounts of the executor or administrator."
After a proceeding has been begun in the orphans court, this court will not disturb it in its jurisdiction unless there exists some good, equitable reason why it should do so. McCartie v.Murphy, 83 N.J. Eq. 195.
 An order to strike out the bill will be advised. *Page 249