The petitioner, the First National Bank of Princeton, holds certificate number 190 for five shares in series 8 of the *Page 144 
Garden Building and Loan Association. The shares are registered in the name of George A. Rule, and the certificate is in his name. Rule assigned the certificate to James C. Dennen, and he assigned it to the bank as collateral security for a debt. Frank Shuler, an infant, and his mother, Hannah B. Wagner, recovered judgments against Dennen in an accident suit and under execution levied on the five shares and sold them to the plaintiffs in execution.
The bank filed a petition to compel the building and loan association to transfer the shares to it on the books of the association. It is erroneously alleged that Frank F. Neutze, the attorney of the plaintiffs in execution, purchased the stock. It is charged in the petition that the sale is invalid because the sheriff did not actually seize the certificate of stock in making the levy and that the certificate was not surrendered to the building and loan association, nor was its transfer by the holder enjoined as required by section 13 of the Uniform Stock Transfer act. Cum. Supp. Comp. Stat. p. 693; Wallach v. Stein,102 N.J. Law 517; affirmed, 103 N.J. Law 470. The argument in answer is that building and loan association shares are not certificates of stock within the meaning of the Uniform Stock Transfer act and its requirements are not applicable. On filing of the petition an order was directed to the building and loan association and to Frank F. Neutze, the attorney, to show cause why the transfer should not be made and the bank now moves for a decree. The motion is denied and for the following reasons:
1. The proceedings should be by bill, not by petition. But that may be amended. Cum. Supp. Comp. Stat. p. 271.
2. The plaintiffs in execution, purchasers of the stock, and Dennen, the debtor and beneficial owner, and Rule, the registered holder of the shares, are necessary parties. They have the right to be heard and the building and loan association is entitled to be protected as against them.
3. The cause is not ripe for a decree; that stage will not be reached until the parties indicated are brought into court and have had an opportunity to answer and to be heard on *Page 145 
the trial of the issues. The court is not warranted to put the parties to a summary hearing on an order to show cause and to adjudge their rights. This is not a summary proceeding under authority of legislative sanction. The petitioner is seeking the aid of equity to enforce a legal right and must follow the common course of procedure. See Pilger v. United States Steel Corp.,102 N.J. Eq. 506.
Until the cause is at issue, the court is not privileged to decide whether the bank is entitled to a transfer on the books of the building and loan association of shares held as security before foreclosing the pledge, nor whether the purchasers under execution acquired title, nor whether, on a counter-claim, they are entitled to redeem and to have the shares registered to them, upon their theory that building and loan associations have no statutory authority to issue certificates of stock and hence the thirteenth section of the Uniform Stock Transfer act is inoperative. It does, however, appear by the moving papers that the bank has superior equity in the shares and it is suggested, if that be conceded or disputed, that the pleadings be so moulded that the court may dispose of the legal and equitable rights of the parties. *Page 146