I am of the opinion that the restraint contained in the order granted in the above stated cause which restrained the Mechanics' Trust Company of New Jersey, individually, and as executor of the estate of Burton C. Downing, deceased, from further pursuing its course in the orphans court of Monmouth county, wherein it sought instructions concerning the disposition of certain stock of which Burton C. Downing died seized, should be vacated. I am also of the opinion that the motion to strike the bill of complaint should be granted for the reason that no relief is sought therein which cannot be obtained equally as well from the orphans court. The Monmouth county orphans court has ample authority in the premises, and can be relied upon to do that which is requisite. The rule of law has been well stated many times, and is mentioned in McCartie v. Murphy, 83 N.J. Eq. 195, that this court has concurrent jurisdiction with the orphans court of all matters pertaining to the administration and settlement of estates of decedents. But after a proceeding has begun in the orphans court, this court will not disturb it in its jurisdiction unless there exists some good, equitable reason why it should do so. InSummerill v. Summerill, 99 N.J. Eq. 502 (at p. 505), it is said: "Since the orphans court has jurisdiction in the settlement of the trustee's accounts to entertain and adjudicate every charge made by the *Page 68 
bill and award on equitable principles precisely the same relief which is here sought, and enjoys all the facilities for that purpose which are afforded in this court, there appears to be no special reason which justifies this court in entertaining the present bill."
I am of the opinion that no special circumstances are manifest in the matter sub judice which would warrant this court to attempt to oust the Monmouth orphans court of its jurisdiction to administer the estate of Burton C. Downing, deceased.
I will advise an order accordingly. No costs or counsel fees shall be allowed to either party. *Page 69