On February 15th, 1944, the complainant, one of the trustees nominated in the will of Nellie Dow Blendinger, deceased, filed his bill in this cause in which he prays, inter alia, that the defendants answer, that all proceedings in the Orphans Court of Somerset County relating to the administration of the testamentary trust be enjoined, and that this court assume and retain complete jurisdiction over the trust.
Pursuant to a petition filed by the complainant in the cause on March 14th, 1944, an order was granted directing the defendants to show cause (a) "why this court should not take and retain full and complete jurisdiction over the separate trust under the will of Nellie Dow Blendinger, deceased, for the benefit of Dorothy Blendinger Daniels and others;" and (b) "why this court should not enjoin and restrain all persons interested in and under said trust from any and all proceedings in the Somerset County Orphans Court or elsewhere save in this court, except as this court may otherwise direct." Proceedings in the Orphans Court were restrained ad interim.
An extension of the existing restraint pendente lite is not vigorously resisted. The circumstances adequately justify a continuance of the restraint until the further order of this court with a modification which will enable the guardian adlitem of Christian Averick Heineken. Ann Schaefer, and *Page 181 
Herbert Neal Schaefer, who represented those infants in the proceedings in the Orphans Court, to have his fees and allowances determined by that court upon due notice to the parties in interest.
A point of procedure intercepts the determination of the remaining issue to which the order to show cause relates. The issue transcends a preliminary inquiry to decide whether the business sought to be brought to this court is within its jurisdiction. The jurisdiction of this court over the administration of testamentary trusts is indubitable. Where the Orphans Court has already entertained jurisdiction, the seizure of jurisdiction by this court is discretionary and normally evolved from the ascertainment of some special cause or reason.Brown v. Fidelity Union Trust Co., 128 N.J. Eq. 197;15 Atl. Rep. 2d 788; Clayton v. Asbury Park and Ocean Grove Bank,115 N.J. Eq. 480; 171 Atl. Rep. 502; Civic Enterprises, Inc., v.Mechanics' Trust Co., 115 N.J. Eq. 66; 169 Atl. Rep. 696;Nelson v. Errickson, 81 N.J. Eq. 226; 87 Atl. Rep. 116;Streeter v. Braman, 76 N.J. Eq. 371; 74 Atl. Rep. 659; Filley
v. Van Dyke, 75 N.J. Eq. 571; 72 Atl. Rep. 943.
The question arises whether in view of the characteristics of this cause I should, on petition and order to show cause, consider the propriety of advising a decree by which this court shall assume jurisdiction. The complainant is one of two trustees. His associate is made a party defendant. The bill charges a special cause which is comprised of factual as well as legal elements. The defendants are called upon to answer the charges of the bill. The removal of the proceedings to this court is a substantive segment of the relief for which the complainant prays. In such a situation, the existence vel non of special cause for the assumption of jurisdiction by this court, ordinarily a factual matter, should not be determined in a summary manner.
It might well be the only controversial issue in the cause. Modern procedure should be conducive to expedition. The practice of deciding the basic question on petition and order to show cause might be expeditious where no objection is interposed to its pursuit by any party in interest, or where the *Page 182 
relevant facts are competently and voluntarily stipulated and the question is thus submitted. Where, however, a defendant desires to deny the factual allegations of the bill and to controvert them by the introduction of evidence, the conventional opportunity to do so should not, in my opinion, be abridged by the adoption of a summary procedure contemplating the presentation of proofs in the fashion of affidavits. Although the circumstances were dissimilar, the general principle has been recognized in such cases as First National Bank of Princeton v.Garden Building and Loan Association, 108 N.J. Eq. 143;154 Atl. Rep. 317; Grobholz v. Merdel Mortgage Investment Co., 115 N.J. Eq. 411; 170 Atl. Rep. 815; In re Interstate Building and LoanAssociation, 126 N.J. Eq. 469; 9 Atl. Rep. 2d 697;Tannenbaum v. Seacoast Trust Co., 128 N.J. Eq. 515;17 Atl. Rep. 2d 294.
Moreover, infants are evidently interested in the administration of the trust. The guardian ad litem appointed by the Orphans Court is not authorized to represent them in the cause instituted in this court, nor can a guardian ad litem
when appointed stipulate the existence of facts disadvantageous to the interests of the infants in the cause. Anderson v.Anderson, 133 N.J. Eq. 311; 32 Atl. Rep. 2d 83.
The right of the complainant to have this court assume complete jurisdiction of the trust will not now be determined. Whether any "special reason" appears upon the face of the bill may of course be raised by a motion now equivalent to the former demurrer.Streeter v. Braman, supra. The cause may progress in the ordinary manner. *Page 183