This suit is brought by one of the next of kin of Ellen W. Fleming, a widow who died intestate, against the administrator of her estate, the other next of kin, and Eleanor Garbaccio, a granddaughter of deceased. The bill alleges that deceased, prior to her death, transferred a bank account to the granddaughter without consideration. The bill prays a discovery as to the bank account, and the amount found to be due shall be paid over to the estate for the benefit of all the next of kin. The bill also alleges that the administrator has refused to take any steps to recover the money in the possession of the granddaughter. A motion is made to strike the bill on the ground that an account has been filed in the Orphans Court by the administrator, and that the interpretation of the Court of Chancery is unnecessary since complainant can secure adequate relief in the Orphans Court to compel the administrator to bring suit on the claim against the granddaughter, or to have him removed in case he is shown to have failed to perform his duty.
While the Court of Chancery has concurrent jurisdiction it is reluctant to exercise it while the matter can be determined in the Orphans Court, unless there are special circumstances which make the assumption of jurisdiction peculiarly desirable.
In Filley v. Van Dyke, 75 N.J. Eq. 571, the court says:
"The assumption of jurisdiction by Chancery in cases where the Orphans Court has already entertained an accounting and has not completed it by a final decree thereon, rests in the sound judicial discretion of the former court, in view of such special circumstances as may be presented in the particular case; the question then being whether the circumstances show special cause for the interference of the court. Bird v. Hawkins, 58 Eq.229-231."
In Landis v. Vineland Historical, c., Society, 96 N.J. Eq. 246,
the court says:
"After a proceeding has been begun in the Orphans Court, this court will not disturb it in its jurisdiction unless there exists some good equitable reason why it should do so." *Page 360 
In Rutherford v. Alyea, 54 N.J. Eq. 411, the court says:
"Except for some special reason the Court of Chancery will not interfere with the ordinary jurisdiction of the probate courts in the settlement of the accounts of executors and administrators."
The special circumstances which ordinarily are ground for the assumption of jurisdiction by this court are ordinarily those of fraud or collusion on the part of the administrator. VinelandHistorical, c., Society v. Landis, supra.
There is no such allegation in the bill here. In my opinion there is no reason for taking jurisdiction, as the estate is now pending in the Orphans Court, and complainant can secure adequate relief in the accounting proceeding there.
Nor can the bill be sustained on the ground that a discovery is prayed, since a discovery is only incidental relief where the court otherwise has jurisdiction.
In Burdick v. Grimshaw, 113 N.J. Eq. 591, the court says (at p. 604):
"The need of a discovery here, even if any such exists or be claimed, is only incidental to the accounting here sought. Consequently, the present action cannot be supported as one for discovery, because as pointed out in Bellingham v. Palmer,supra, the rule is entirely settled that where discovery is sought as a mere incident to some other main relief, if the principal relief is denied, the suit must be dismissed."
The motion to strike will be granted. *Page 361