# Arthur G. Pettengill and Barbara Pettengill v. Ronald Gilman

[ 232 A.2d 773 ]

April Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed August 15, 1967

*Downs & Rachlin* for plaintiffs.

*McKee & Clewley,* with *Samuel C. FitzPatrick* on the brief, for defendant.

**Holden, C.J.** This action in tort was instituted against two infant defendants, Ronald Gilman and Frederick Sumner. The plaintiffs seek recovery for fire damage to their dwelling and other real property. The complaint alleges the fire was wilfully and maliciously caused by the defendants, acting in concert. One parent of each child was joined as party defendants. The suit was subsequently discontinued as to the defendants Sumner. This interlocutory appeal concerns only Ronald

Gilman. No question of his parent's derivative liability is before us.

Counsel for the plaintiffs and the remaining minor defendant stipulated the facts. The cause was then submitted to the Washington County Court for decision on the issue of liability as an agreed case. Counsel have further stipulated that this Court may enter final judgment for either the plaintiffs or the defendant, as the issue of liability may be determined, on the strength of the record on appeal.

The heart of the question certified is the legal liability of a child of six years. Procedural requirements designed to safeguard the rights and liabilities of infant litigants prevent us from honoring the stipulations to reach the question sought to be reviewed.

Our examination of the record indicates that no guardian *ad litem* was appointed by the court to represent the interests of the Gilman child. Without such appointment and representation, this defendant cannot be deemed to have had his day in court. An adjudication concerning an infant party that is subject to this infirmity is without legal force and effect. Such an omission in the proceedings will cause the judgment to be vacated and set aside when brought to the court's attention. *Bielawski* v. *Burke,* 121 Vt. 62, 67, 147 A.2d 674; *Starbird* v. *Moore,* 21 Vt. 529, 533. Compare, *In re Dobson,* 125 Vt. 165, 212 A.2d 620.

The record discloses a related infirmity that deserves attention on the remand of the case. The law's careful concern for the representation of an infant in court is equally protective of the manner in which his rights are to be determined.

It has been generally held that the authority of counsel and guardian appointed to represent a minor in litigation does not include the power to submit his case on conceded facts. This general rule applies unless it appears the facts agreed upon are to the advantage of the infant, or at least do not jeopardize the infant's rights. Except where the court is satisfied these safeguards prevail, facts which might be the subject of concession on the part of adults should be proved when asserted against infants. *White* v. *Joyce,* 158 U.S. 128, 15 Sup. Ct. 788, 39 L.Ed. 921, 928; *Greene* v. *Mabey,* 35 R.I. 11, 85 Atl. 118, 120; *Schaefer* v. *Daniels,* 135 N.J..Eq. 179, 37 A.2d 763, 764; 3 Am. Jur. 2d, Agreed Case §10.

The presence of these deficiencies preclude appellate review of the question certified and require us to remand the case for further proceedings.

*The order of the Washington County Court is reversed pro forma and the cause remanded for further proceedings consistent with the procedure indicated in the opinion.*