2004 VT 79

**In re E.F., Juvenile**

[862 A.2d 239]

No. 03-424

¶ 1. August 24, 2004. E.F., an eleven-year-old child, appeals from an adjudication of delinquency for aiding an attempt to poison. The Addison County Family Court found E.F. delinquent without trial, based solely on facts stipulated by his attorney. Because the family court did not conduct a Vermont Rule of Criminal Procedure 11(c) colloquy regarding these admissions, we find plain error and reverse.

¶ 2. E.F. delivered what he thought was poisonous silica gel to two friends at school, who put some of the gel into a teacher's coffee. The State filed a petition for delinquency against E.F. charging him with aiding in the commission of a felony — an attempted poisoning — "in violation of 13 V.S.A., Section 2305 and 13 V.S.A., Section 3."[1] At the preliminary hearing, E.F. denied the petition. E.F. then filed a motion to dismiss on grounds that neither attempt, nor the underlying offense, 13 V.S.A. § 2306 (poisoning), could be proved because silica gel is not poisonous. The family court denied the motion, ruling that an attempted poisoning conviction could follow "[i]f the State can prove that [E.F.] intended to place a poisonous substance into a drink to hurt someone."

¶ 3. At the June 19, 2003 status conference, E.F.'s attorney entered into an agreement with the State to submit a set of stipulated facts from which the court would decide the case on the merits without a hearing. E.F.'s attorney agreed to submit the following stipulated facts:

1. On January 30, 2003, E.F. learned that M.S. and J.K. planned to poison[], a teacher at [their school].

2. M.S. told E.F. that J.K. was going to bring in some "shoe poison," by which M.S. meant

---

[1] The State mistakenly referred to § 2305, which addresses justifiable homicide, instead of § 2306 which criminalizes poisoning.

silica gel, a substance that is packed in shoe boxes.

3. On January 31, 2003, E.F. brought some silica gel into school and gave it to J.K. E.F. intended that M.S. and J.K. place the silica gel in [the teacher's] coffee.

4. M.S. and J.K. put the silica gel into [the teacher's] coffee.

5. [The teacher] drank a portion of the coffee.

6. Silica gel is not poisonous; however, the labels generally read "Throw Away. DO NOT EAT."

7. E.F. believed that silica gel was poisonous. E.F. intended that [the teacher's] ingestion of the substance would injure her.

8. [The teacher] suffered no physical harm as a result of this conduct.

No merits hearing was conducted. Based on the stipulated facts, the court again concluded that impossibility — the fact that silica gel is not poisonous — was no defense and adjudicated E.F. a delinquent child for "aiding in the commission of a felony, i.e., the attempt to poison." Although E.F. was never charged with attempt under 13 V.S.A. § 9, the court indicated in a footnote that it incorporated the charge of attempt because the defendant noted "that the charge apparently intended also to refer to 13 V.S.A. [§] 9, the attempt provision, and the State agree[d]."

¶ 4. Following its decision, the court held a disposition hearing, at which E.F., his parent/guardians, and his counsel were present, and imparted its disposition based upon the stipulated facts. Nowhere does the record reflect that the court conducted a Rule 11 colloquy at any time, either prior to accepting the stipulated facts, or prior to entering the disposition order based upon those facts.

¶ 5. Petitioner argues on appeal that the court's failure to conduct a Rule 11 colloquy is plain error. "Rule 11 is designed to 'assure compliance with the requirements set forth in *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969): that a defendant's plea of guilty must be knowing and intelligent.'" *State v. Cleary*, 2003 VT 9, ¶ 15, 175 Vt. 142, 824 A.2d 509 (quoting *State v. Yates*, 169 Vt. 20, 25, 726 A.2d 483, 486 (1999)). Before accepting a plea of guilty or nolo contendere, Rule 11(c) requires the court to address the defendant, explaining and determining that he understands the nature of the charges to which the plea is offered, the minimum and maximum penalties, that defendant has the right to plead not guilty, and that defendant is waiving his rights against self-incrimination and to a jury trial. *State v. Marku*, 2004 VT 31, ¶ 21, 176 Vt. 607, 850 A.2d 993 (mem.). Rule 11(d) requires the court to address the defendant to determine that the plea is voluntary, and Rule 11(f) requires an inquiry into the factual basis for the plea. *Id.*

¶ 6. The State contends that a Rule 11 colloquy was not required because E.F. did not plead guilty or admit to the charged offense, see V.R.F.P. 1(a)(3) (modifying V.R.Cr.P. 11 in juvenile proceedings so that admissions and denials replace pleas of guilty and not guilty), but rather conceded the elements charged and contested whether they proved a crime at all. The State's sole support for this proposition is *State v. Loveland*, in which we held that a defendant's implicit concession to elements of an offense is not "plain error per se." 165 Vt. 418, 422, 684 A.2d 272, 275 (1996). The State also argues that E.F. was not prejudiced by the lack of a Rule 11 colloquy since the facts admitted by stipulation were incontestable. *Id.* at 422, 684 A.2d at 275-76

(defendant not prejudiced by implicit waiver of certain elements of charged offense because concessions — age and marital status of six-year-old sexual abuse victim — were beyond dispute).

¶ 7. The State's reliance on *Loveland* is misplaced. *Loveland* involved an attorney's tactical stipulation to certain undisputed elements of the charged offense at trial while his client was present. *Id.* at 419-20, 684 A.2d at 274. Here, in contrast, E.F.'s attorney admitted in writing every element of the charged offense. Some of those factual admissions, such as proof of intent to poison, were by no means facts that could be considered beyond dispute. Moreover, because the net effect of the attorney's wholesale admissions was to waive E.F.'s right to trial and privilege against self-incrimination, it was necessary to apply Rule 11's procedural safeguards. See *In re J.M.*, 172 Vt. 61, 63, 769 A.2d 656, 658-59 (2001) (finding plain error where family court accepted juvenile's conditional plea without Rule 11 colloquy).

¶ 8. In addition, as we explained in *In re J.M.*, special rules govern pleas, or in this case, wholesale admissions, in juvenile proceedings.

> V.R.F.P. 6(d)(3) provides specifically that the court may not accept a juvenile's waiver of constitutional rights or admission unless it determines, among other things, that there is a factual and legal basis for the waiver or admission, that the attorney has investigated the relevant facts and law and consulted with the juvenile, and that the juvenile has entered into the waiver or admission knowingly and voluntarily.

*Id.* at 63, 769 A.2d at 658.[2] See also *Pettengill v. Gilman*, 126 Vt. 387, 388, 232 A.2d 773, 774 (1967) ("[T]he authority of counsel and guardian appointed to represent a minor in litigation does not include the power to submit his case on conceded facts.").

¶ 9. Here, there was no attempt at a Rule 11 colloquy or review under V.R.F.P. 6(d)(3). Based on the record, we do not know if E.F. or his parents consented to, or even knew the content of, the stipulated facts. Nor do we know if E.F. or his parents understood that his attorney had effectively waived E.F.'s constitutional right against self-incrimination. Moreover, there is evidence that E.F. and his parents may not have understood the charges made against him. The State's petition mistakenly referred to a charge of justifiable homicide under 13 V.S.A. § 2305, instead of the intended charge of poisoning under 13 V.S.A. § 2306. Despite repeated reference to poisoning, the court's ruling on the merits continued to refer to 13 V.S.A. § 2305. Furthermore, the State's petition omitted any charge of attempt under 13 V.S.A. § 9. While attempt is considered a lesser-included offense of any charged felony, see 13 V.S.A. § 10; *State v. Young*, 139 Vt. 535, 542, 433 A.2d 254, 258 (1981), the petition was never amended to conform to the evidence, and the court included attempt only by reference in a footnote to its ruling. A simple colloquy might have prevented these convolutions.

¶ 10. The absence of a meaningful colloquy, particularly under these circumstances, leaves a blank record as to whether E.F.'s admission via stipulation of the facts was knowing, voluntary, or in

---

[2] V.R.F.P. 6(d) applies to cases in which the court has appointed a guardian ad litem. In the present case E.F.'s parents act as guardians ad litem. See V.R.F.P. 1(c).

his best interests, and, therefore, constitutes plain error. Accordingly, the delinquency adjudication is reversed. Given this result, we do not consider E.F.'s other arguments.

*Reversed.*

Note: Chief Justice Amestoy was present when the case was submitted on the briefs but did not participate in this decision.